II. DISCUSSION
Our analysis begins with a review of the pertinent statutes and how they have been construed. We then consider their application to this case. We conclude that defendant's street terrorism conviction should have been dismissed in the full resentencing that defendant must receive under Proposition 47.
A. Relevant Statutes and Case Law
1. The Crime of Street Terrorism under Section 186.22, Subdivision (a)
The Legislature originally enacted section 186.22 in 1988 as part of the California Street Terrorism Enforcement and Prevention Act, also known as the "STEP Act." (§ 186.20 et seq.) The STEP Act declares that "[i]t is the intent of the Legislature in enacting this [measure] to seek the eradication of criminal activity by street gangs by focusing upon patterns of criminal gang activity and upon the organized nature of street gangs, which together, are the chief source of terror created by street gangs." (§ 186.21, 2d par.)
Although defendant was charged under two different provisions of the STEP Act, only one of these allegations is presently at issue. The relevant crime is set forth in section 186.22, subdivision (a), which provides: "Any person who actively participates in any criminal street gang with knowledge that its members engage in, or have engaged in, a pattern of criminal *656 gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, shall be punished by imprisonment in a county jail for a period not to exceed one year, or by imprisonment in the state prison for 16 months, or two or three years." *422 "The gravamen of the substantive offense set forth in section 186.22 [, subdivision] (a) is active participation in a criminal street gang." ( People v. Albillar (2010) 51 Cal.4th 47, 55, 119 Cal.Rptr.3d 415, 244 P.3d 1062.) "[W]ith section 186.22 [, subdivision] (a), the Legislature sought to punish gang members who acted in concert with other gang members in committing a felony regardless of whether such felony was gang-related." ( Rodriguez , supra , 55 Cal.4th at p. 1138, 150 Cal.Rptr.3d 533, 290 P.3d 1143 (lead opn. of Corrigan, J.), italics omitted.) The essential elements for a conviction under section 186.22, subdivision (a) are: "(1) active participation in a criminal street gang, in the sense of participation that is more than nominal or passive; (2) knowledge that the gang's members engage in or have engaged in a pattern of criminal gang activity; and (3) the willful promotion, furtherance, or assistance in any felonious criminal conduct by members of that gang." ( Albillar , at p. 56, 119 Cal.Rptr.3d 415, 244 P.3d 1062.)
The third element of the street terrorism crime is most squarely at issue here. In analyzing this component of the crime, our prior case law has articulated several principles relevant to the present case. "[M ]isdemeanor conduct ... cannot constitute 'felonious criminal conduct' within the meaning of" this element. ( People v. Lamas (2007) 42 Cal.4th 516, 524, 67 Cal.Rptr.3d 179, 169 P.3d 102 ( Lamas ).) Furthermore, liability under this provision is limited "to those who promote, further, or assist a specific felony committed by gang members and who know of the gang's pattern of criminal gang activity."
**901 ( People v. Castenada (2000) 23 Cal.4th 743, 749, 97 Cal.Rptr.2d 906, 3 P.3d 278, italics added.) In other words, the provision "requir[es] the promotion or furtherance of specific conduct of gang members and not inchoate future conduct." ( Rodriguez , supra , 55 Cal.4th at p. 1137, 150 Cal.Rptr.3d 533, 290 P.3d 1143 (lead opn. of Corrigan, J.).)
2. Relevant Provisions of Proposition 47
Proposition 47 altered prior law in several important respects. Among these changes, the initiative amended various provisions of the Health and Safety Code and the Penal Code to reclassify as misdemeanors certain narcotics and theft offenses that had been denominated either felonies or "wobblers" (i.e., crimes capable of being charged as either felonies or misdemeanors). The initiative created a procedure through which persons serving a sentence for a qualifying felony may petition to have the conviction reclassified as a misdemeanor. (§ 1170.18, subds. (a), (b).) Persons convicted of certain offenses are ineligible for resentencing. (Id ., subd. (i).) An eligible petitioner shall have his or her sentence recalled and be resentenced to a misdemeanor, "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (Id ., subd. (b).) Through a separate procedure, a person who already has completed his or her sentence for a qualifying felony also may have the underlying conviction redesignated as a misdemeanor. (Id ., subds. (f)-(h).)
*423 Section 1170.18 further provides that "[a] felony conviction that is recalled and resentenced ... or designated as a misdemeanor ... shall be considered a misdemeanor for all purposes, except that resentencing shall not permit that person to *657 own, possess, or have in his or her custody or control a firearm or prevent his or her conviction under [various statutes prohibiting possession of a firearm under certain circumstances]." (§ 1170.18, subd. (k).) An uncodified provision of the measure provides that Proposition 47 "shall be liberally construed to effectuate its purposes." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 18, p. 74; see also id ., § 15, p. 74 [providing that the initiative "shall be broadly construed to accomplish its purposes"].)
3. Prior Interpretation of Proposition 47
Proposition 47 has generated many interpretive issues for this court. (See, e.g., People v. Lara (2019) 6 Cal.5th 1128, 245 Cal.Rptr.3d 426, 438 P.3d 251 ; People v. Franco (2018) 6 Cal.5th 433, 240 Cal.Rptr.3d 766, 430 P.3d 1233 ; In re C.B. (2018) 6 Cal.5th 118, 237 Cal.Rptr.3d 471, 425 P.3d 40 ; People v. Gonzales (2018) 6 Cal.5th 44, 237 Cal.Rptr.3d 193, 424 P.3d 280 ; People v. Buycks (2018) 5 Cal.5th 857, 236 Cal.Rptr.3d 84, 422 P.3d 531 ( Buycks ); People v. Martinez (2018) 4 Cal.5th 647, 230 Cal.Rptr.3d 673, 413 P.3d 1125 ; People v. DeHoyos (2018) 4 Cal.5th 594, 229 Cal.Rptr.3d 687, 412 P.3d 368 ; People v. Page (2017) 3 Cal.5th 1175, 225 Cal.Rptr.3d 786, 406 P.3d 319 ; People v. Valencia (2017) 3 Cal.5th 347, 220 Cal.Rptr.3d 230, 397 P.3d 936 ; People v. Romanowski (2017) 2 Cal.5th 903, 215 Cal.Rptr.3d 758, 391 P.3d 633.) In construing the initiative, "we apply the same principles that govern statutory construction." ( People v. Rizo (2000) 22 Cal.4th 681, 685, 94 Cal.Rptr.2d 375, 996 P.2d 27.) As a law adopted by the voters, "their intent governs." ( People v. Jones (1993) 5 Cal.4th 1142, 1146, 22 Cal.Rptr.2d 753, 857 P.2d 1163.) In ascertaining that intent, "we turn first to the language of the statute, giving the words their ordinary meaning." ( People v. Birkett (1999) 21 Cal.4th 226, 231, 87 Cal.Rptr.2d 205, 980 P.2d 912.) This language is interpreted in the context of the statute as a whole, as well as the overall statutory scheme. ( Horwich v. Superior Court (1999) 21 Cal.4th 272, 276, 87 Cal.Rptr.2d 222, 980 P.2d 927.)
A recent decision by this court, Buycks , supra , 5 Cal.5th 857, 236 Cal.Rptr.3d 84, 422 P.3d 531, addressed issues similar to the one presented in this case. In Buycks , we considered the validity of three sentence enhancements or criminal convictions after the defendants to whom they pertained had secured the reduction of related felony convictions to misdemeanors through the Proposition 47 petition process. One defendant, Buycks, sought (in connection with a Proposition 47 resentencing) the dismissal of an "on-bail" enhancement imposed under section 12022.1, subdivision (b), which provides in relevant part that "[a]ny *424 person arrested for a secondary **902 [felony] offense that was alleged to have been committed while that person was released from custody on a primary [felony] offense shall be subject to a penalty enhancement ...." ( Buycks , at pp. 872-873, 236 Cal.Rptr.3d 84, 422 P.3d 531.) A second defendant in Buycks , Laura Valenzuela, pursued similar relief on direct appeal for a one-year term enhancement imposed under section 667.5, subdivision (b), applicable "for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when the sentence is not suspended for any felony." ( Buycks , at pp. 873-874, 236 Cal.Rptr.3d 84, 422 P.3d 531.) This enhancement, which derived from an earlier conviction for receiving stolen property (§ 496), was imposed in a case in which Valenzuela had been convicted of several other felonies, including one (a violation of Health & Saf. Code § 11377 ) that was among the narcotics crimes reclassified as misdemeanors by Proposition 47, and which Valenzuela had *658 successfully petitioned to have reclassified as a misdemeanor. ( Buycks , at pp. 873-874, 236 Cal.Rptr.3d 84, 422 P.3d 531.) The third defendant, Guiomar, had failed to appear in court on a felony charge of possessing a controlled substance ( Health & Saf. Code, § 11350 ), leading to another criminal charge. ( Buycks , at pp. 874-875, 236 Cal.Rptr.3d 84, 422 P.3d 531.) The statute under which Guiomar was charged with failing to appear provides, "Every person who is charged with or convicted of the commission of a felony, who is released from custody on bail, and who in order to evade the process of the court willfully fails to appear as required, is guilty of a felony." ( Pen. Code, § 1320.5.) Guiomar later had his felony drug conviction reduced to a misdemeanor through the Proposition 47 petition process, and on that basis sought to have his conviction for failing to appear set aside. ( Buycks , at p. 875, 236 Cal.Rptr.3d 84, 422 P.3d 531.)
In Buycks , supra , 5 Cal.5th at page 883, 236 Cal.Rptr.3d 84, 422 P.3d 531, we concluded that Proposition 47's directive that a resentenced or redesignated offense "shall be considered a misdemeanor for all purposes" (§ 1170.18, subd. (k)) applied both prospectively and in cases in which the judgment was not yet final at the time the initiative was approved by the electorate. The latter determination involved application of the limited retroactivity rule we articulated in In re Estrada (1965) 63 Cal.2d 740, 745, 48 Cal.Rptr. 172, 408 P.2d 948 ( Estrada ). ( Buycks , at p. 883, 236 Cal.Rptr.3d 84, 422 P.3d 531.) Through application of this rule, a defendant who successfully invokes the Proposition 47 resentencing process may secure the dismissal or other appropriate treatment of an enhancement or crime subsumed within a judgment that was not yet final on November 5, 2014 (the effective date of Prop. 47), when that allegation is premised on the existence of a felony conviction that has been reduced to a misdemeanor. (See Buycks , at pp. 889-891, 236 Cal.Rptr.3d 84, 422 P.3d 531.)
We also determined in Buycks , supra , 5 Cal.5th 857, 236 Cal.Rptr.3d 84, 422 P.3d 531, that the "full resentencing rule" ( id ., at p. 893, 236 Cal.Rptr.3d 84, 422 P.3d 531 ) applies to defendants who qualify for resentencing under the initiative ( id ., at pp. 893-895, 236 Cal.Rptr.3d 84, 422 P.3d 531 ). As more commonly applied, the full resentencing rule allows a court to revisit all prior sentencing *425 decisions when resentencing a defendant. ( Id ., at p. 893, 236 Cal.Rptr.3d 84, 422 P.3d 531 ; People v. Navarro (2007) 40 Cal.4th 668, 681, 54 Cal.Rptr.3d 766, 151 P.3d 1177 [noting that the rule allows the trial court to "exercise its sentencing discretion in light of ... changed circumstances"].) For example, when a felony conviction supplying a principal sentence term is reversed on appeal and the case returns to the trial court for resentencing, that court must select another conviction, if it exists, to supply the new principal term. (See People v. Roach (2016) 247 Cal.App.4th 178, 184-187, 202 Cal.Rptr.3d 1.) A court conducting a full resentencing also may, as appropriate, revisit sentencing choices such as a decision to stay a sentence (see People v. Calderon (1993) 20 Cal.App.4th 82, 87-88, 26 Cal.Rptr.2d 31 ), to impose an upper term instead of a middle term (see People v. Burbine (2003) 106 Cal.App.4th 1250, 1256-1259, 131 Cal.Rptr.2d 628 ), or to impose concurrent instead of consecutive sentences (see People v. Cortez (2016) 3 Cal.App.5th 308, 311-317, 207 Cal.Rptr.3d 510 ). **903 In Buycks , supra , 5 Cal.5th 857, 236 Cal.Rptr.3d 84, 422 P.3d 531, we determined that in a Proposition 47 resentencing conducted under section 1170.18, subdivisions (a) and (b), the trial court, "when it resentences on the eligible felony conviction, *659 must also resentence the defendant generally and must therefore reevaluate the continued applicability of any enhancement based on a prior felony conviction ." ( Buycks , at p. 894, 236 Cal.Rptr.3d 84, 422 P.3d 531, italics added; cf. People v. Sifuentes (2011) 195 Cal.App.4th 1410, 1419-1420, 125 Cal.Rptr.3d 903, disapproved on another ground in People v. Farwell (2018) 5 Cal.5th 295, 304, fn. 6, 234 Cal.Rptr.3d 434, 419 P.3d 913.) In other words, in a Proposition 47 resentencing, the trial court not only must revisit its prior sentencing decisions; it also must decide whether the factual basis for an enhancement has been abrogated by the redesignation of a felony conviction as a misdemeanor. (See Buycks , at pp. 893-895, 236 Cal.Rptr.3d 84, 422 P.3d 531.)
Applying these principles, we concluded in Buycks , supra , 5 Cal.5th 857, 236 Cal.Rptr.3d 84, 422 P.3d 531 that Buycks and Laura Valenzuela - but not Guiomar - were entitled to relief. ( Id ., at pp. 896-897, 236 Cal.Rptr.3d 84, 422 P.3d 531.) Relevant to Buycks, whose judgment of conviction had already become final at the time Proposition 47 came into effect, we observed that imposition of the on-bail enhancement under section 12022.1, subdivision (b) requires convictions for two felonies: the felony offense for which the defendant was on bail or released on his or her own recognizance (i.e., the primary offense) as well as the felony offense committed while the defendant was free on bail or his or her own recognizance (the secondary offense). ( Buycks , at p. 890, 236 Cal.Rptr.3d 84, 422 P.3d 531 ; but cf. In re Jovan B. (1993) 6 Cal.4th 801, 814, 25 Cal.Rptr.2d 428, 863 P.2d 673 [regarding the enhancement as applicable in juvenile wardship proceedings, even though juvenile adjudications are not " 'convictions' "].) Reduction of Buycks's primary felony conviction to a misdemeanor through Proposition 47 therefore negated a necessary premise *426 for the on-bail enhancement. This development meant that in a full resentencing, no sentence associated with the allegation could properly be imposed upon him. ( Buycks , at pp. 890-891, 893-895, 236 Cal.Rptr.3d 84, 422 P.3d 531.)
A somewhat similar analysis applied to Laura Valenzuela in Buycks , supra , 5 Cal.5th 857, 236 Cal.Rptr.3d 84, 422 P.3d 531. We observed there that although the enhancement under section 667.5, subdivision (b) does not expressly demand a felony conviction, its terms imply that such a conviction is necessary for the enhancement to attach. ( Buycks , at p. 889, 236 Cal.Rptr.3d 84, 422 P.3d 531.) Therefore, we determined that "the resentencing of [Valenzuela's] prior underlying felony conviction to a misdemeanor conviction negates an element required to support [the] section 667.5 one-year enhancement." ( Ibid . ) Unlike the judgment affecting Buycks, the judgment involving Valenzuela's narcotics offense and related enhancement was not yet final when Proposition 47 came into effect. ( Buycks , at pp. 893-894, 236 Cal.Rptr.3d 84, 422 P.3d 531.) This difference in timing meant that the limited retroactivity principle of Estrada , supra , 63 Cal.2d 740, 48 Cal.Rptr. 172, 408 P.2d 948 inured to Valenzuela's benefit; she did not have to rely exclusively on the full resentencing rule in pursuing relief. ( Buycks , at pp. 894-895, 896, 236 Cal.Rptr.3d 84, 422 P.3d 531.)
We concluded that the third defendant, Guiomar, was not entitled to dismissal of his conviction for failing to appear. ( Buycks , supra , 5 Cal.5th at pp. 891-892, 896-897, 236 Cal.Rptr.3d 84, 422 P.3d 531.) Although Guiomar had successfully petitioned for reduction of his drug-offense conviction to a misdemeanor, this did not alter the fact that he had failed to appear on a felony charge. ( *660 Id ., at p. 892, 236 Cal.Rptr.3d 84, 422 P.3d 531.) We emphasized that liability under section 1320.5 does not depend on the defendant having been convicted on the charge for which he or she had failed to appear. To the contrary, "the primary purpose of section 1320.5 is to deter the act of jumping bail and [the statute] requires punishment 'whether or not the defendant ultimately is convicted of the charge for which he or she was out on bail when failing to appear in court as ordered.' " ( Buycks , at p. 891, 236 Cal.Rptr.3d 84, 422 P.3d 531, quoting **904 People v. Walker (2002) 29 Cal.4th 577, 583, 128 Cal.Rptr.2d 75, 59 P.3d 150.) Hence, reduction of Guiomar's felony narcotics conviction to a misdemeanor through Proposition 47 resentencing did not remove any element of the failure to appear conviction that he sought to have dismissed.[4]
B. Defendant Is Entitled To Dismissal of His Street Terrorism Conviction in a Full Resentencing
There is no dispute that, in accordance with section 1170.18, subdivision (a), the resentencing court appropriately reclassified defendant's grand theft *427 conviction (§ 487, subd. (c)) as misdemeanor petty theft. Nor is there any question that defendant was entitled to be resentenced consistently with that redesignation. The issue before us is whether, in light of this adjustment, defendant's conviction for street terrorism can still stand. We conclude that it cannot.
As previously described, an essential element of the street terrorism offense is that the defendant must have "promote[d], further[ed], or assist[ed] in any felonious criminal conduct" by gang members. ( § 186.22, subd. (a).) This element "requir[es] the promotion or furtherance of specific conduct of gang members" ( Rodriguez , supra , 55 Cal.4th at p. 1137, 150 Cal.Rptr.3d 533, 290 P.3d 1143 (lead opn. of Corrigan, J.)), and the conduct involved must constitute a felony - as opposed to a misdemeanor, or no crime at all ( Lamas , supra , 42 Cal.4th at p. 524, 67 Cal.Rptr.3d 179, 169 P.3d 102 ). Consistent with these interpretations of the statute, the jury instruction for the street terrorism offense requires the finder of fact to determine, as an element of the crime, that a specific felony was in fact committed by gang members. ( CALCRIM No. 1400.)
In this case, there is no dispute that the theft of Ramirez's $ 200 bicycle - the same conduct that gave rise to defendant's conviction for grand theft - constituted the felonious criminal conduct involved with his conviction for street terrorism. In light of defendant's Proposition 47 resentencing, that theft can no longer be regarded as felonious. (§§ 490.2, 1170.18, subd. (b).) The People do not explain how defendant's underlying conduct could be regarded as felonious under a different theory, at least in a way not already rejected by the jury (which declined to convict defendant of robbery). The reduction of defendant's felony grand theft conviction to a misdemeanor therefore established the absence of an essential element of the street terrorism crime. (See Buycks , supra , 5 Cal.5th at pp. 889-890, 236 Cal.Rptr.3d 84, 422 P.3d 531.) It follows that the street terrorism charge should have been dismissed at defendant's full resentencing. (See id. , at pp. 888, 236 Cal.Rptr.3d 84, 422 P.3d 531 [determining *661 that, except for firearm possession offenses expressly excluded under § 1170.18, subd. (k), Prop. 47's "mandate to reduce penalties for a distinct class of narcotics and larceny-related offenses otherwise fully extends to enhancements and subsequent offenses alleged with those offenses"], 894-895.)
The People contend that even if defendant's conviction for grand theft became a "misdemeanor for all purposes" upon reclassification and resentencing (§ 1170.18, subd. (k)), this adjustment has no effect on his conviction for street terrorism. The People stress that a conviction for street terrorism requires "felonious criminal conduct" ( § 186.22, subd. (a) ), not necessarily a *428 conviction for the underlying felony.[5] We do not disagree with the latter point, but do not regard it as decisive here. Given the facts of this case, the reduction of defendant's theft conviction to a misdemeanor establishes that he cannot be regarded as having engaged in felonious criminal conduct. This essential element not being present, defendant cannot **905 properly be resentenced for the street terrorism offense.
The People further contend that the reduction of defendant's grand theft conviction to misdemeanor petty theft does not alter the fact that he committed felonious criminal conduct as it was denominated in 2013. They take the position that the classification of defendant's conduct at that time controls. But neither the gravamen of the street terrorism crime nor any indicia of legislative intent associated with it convey that the felonious nature of the criminal conduct necessary for commission of this offense is fixed for all time when the crime takes place. It is more reasonable, in light of the limited retroactivity rule of Estrada , supra , 63 Cal.2d 740, 48 Cal.Rptr. 172, 408 P.2d 948, which presumes that ameliorative changes in the criminal laws were intended to be applied to cases with nonfinal judgments, to conclude that the felonious character of this conduct is susceptible to reassessment as may be appropriate in light of pertinent developments affecting the criminal codes, so long as the judgment is nonfinal or validly reopened.
In this respect, the felonious character of the criminal conduct involved with street terrorism is little different from the erstwhile felonious nature of the prior convictions involved with the enhancements we addressed in Buycks , supra , 5 Cal.5th 857, 236 Cal.Rptr.3d 84, 422 P.3d 531. There, we emphasized that we were required to reassess the continued applicability of these enhancements at the time of resentencing . ( Id ., at p. 894, 236 Cal.Rptr.3d 84, 422 P.3d 531.) Similarly here, the reclassification of defendant's conviction for grand theft as misdemeanor petty theft pursuant to the Proposition 47 petition process imparts that an essential element to defendant's conviction for street terrorism is now absent. Defendant is therefore no longer susceptible to being resentenced for the street terrorism offense.
Lastly, the People liken the facts of this case to those associated with defendant Guiomar in Buycks , supra , 5 Cal.5th 857, 236 Cal.Rptr.3d 84, 422 P.3d 531, to whom we denied relief. But section 1320.5, the "failure to appear" statute under which Guiomar was convicted, is materially different from the street terrorism crime involved *662 here. A felonious failure to appear - involving a willful evasion of the court's process in what had been denominated, if not yet proved to be, a *429 felony matter - is not, as a matter of logic or gravity, affected by the reduction of a subsequent felony conviction in the matter in which defendant absented himself or herself. Critically, reclassification of a felony conviction associated with a crime for which a defendant failed to appear does not function to negate an essential element of section 1320.5 offense. (See Buycks , at p. 891, 236 Cal.Rptr.3d 84, 422 P.3d 531.) In this case, as previously described, the reduction of defendant's grand theft conviction to misdemeanor petty theft establishes the absence of an essential element of defendant's conviction for street terrorism, to wit, that defendant promoted, furthered, or assisted specific felonious criminal conduct.
III. DISPOSITION
Given the circumstances before us, defendant cannot properly be resentenced for the street terrorism offense. Instead, this conviction must be dismissed in his Proposition 47 resentencing.[6] The judgment of the Court of Appeal is reversed. We remand this matter for further proceedings consistent with our opinion.
We Concur:
CHIN, J.
LIU, J.
CUÉLLAR, J.
GROBAN, J.
Dissenting Opinion by Justice Corrigan **906 I respectfully dissent. In enacting Proposition 47, the electorate expressed its intent to reduce punishment for nonserious theft and drug offenses. Defendant's crime of participating in a criminal street gang under Penal Code[1] section 186.22, subdivision (a) does not constitute a nonserious theft offense falling within the ambit of that provision.
"Enacted in 2014, Proposition 47, known as the Safe Neighborhoods and Schools Act ..., 'reduc[ed] penalties for certain theft and drug offenses by amending existing statutes.' [Citation.] 'One of Proposition 47's primary purposes is to reduce the number of nonviolent offenders in state prisons, thereby saving money and focusing prison on offenders considered more serious under the terms of the initiative.' " ( People v. Adelmann (2018) 4 Cal.5th 1071, 1075, 232 Cal.Rptr.3d 421, 416 P.3d 786.) The Voter Information Guide explained that Proposition 47 "reduces penalties for certain offenders convicted of nonserious and nonviolent property and drug crimes .
*430 The measure also allows certain offenders who have been previously convicted of such crimes to apply for reduced sentences." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) analysis of Prop. 47 by Legis. Analyst, p. 35, italics added.)
The resentencing statute, section 1170.18, subdivision (a), provides: "A person *663 who, on November 5, 2014, was serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."
Defendant's offense, street terrorism under section 186.22, subdivision (a), is not listed in section 1170.18, subdivision (a). Nevertheless, he argues he is entitled to resentencing "in accordance with" section 490.2, which defines as misdemeanor petty theft "obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($ 950) ...." ( § 490.2, subd. (a).) The majority agrees: "In this case, there is no dispute that the theft of Ramirez's $ 200 bicycle - the same conduct that gave rise to defendant's conviction for grand theft - constituted the felonious criminal conduct involved with his conviction for street terrorism. In light of defendant's Proposition 47 resentencing, that theft can no longer be regarded as felonious. ( §§ 490.2, 1170.18, subd. (b).)" (Maj. opn., ante , 247 Cal.Rptr.3d at pp. 660-661, 441 P.3d at pp. 904-905.)
Although we have reasoned that offenses not listed in section 1170.18 may be resentenced in accordance with section 490.2, we have been careful to note that such offenses are, in fact, theft offenses. For example, People v. Page (2017) 3 Cal.5th 1175, 225 Cal.Rptr.3d 786, 406 P.3d 319 concluded a defendant convicted under Vehicle Code section 10851, subdivision (a), which criminalizes the unlawful taking or driving of a vehicle, would be entitled to Proposition 47 resentencing if his conviction was based upon vehicle theft. "[W]hile Vehicle Code section 10851 does not expressly designate the offense as theft, the conduct it criminalizes includes theft of a vehicle .... And to the extent vehicle theft is punished as a felony under section 10851, it is, in effect, a form of grand, rather than petty, theft." ( Page , at p. 1186, 225 Cal.Rptr.3d 786, 406 P.3d 319.) Thus, "obtaining an automobile worth $ 950 or less by theft constitutes petty theft under section 490.2 and is punishable only as a misdemeanor, regardless of the statutory section under which the theft was charged." ( Id . at p. 1187, 225 Cal.Rptr.3d 786, 406 P.3d 319.) Similarly, *431 People v. Romanowski (2017) 2 Cal.5th 903, 215 Cal.Rptr.3d 758, 391 P.3d 633 concluded that theft of access card information ( Pen. Code, § 484e, subd. (d) ) was subject to resentencing under Proposition 47 because it was a form of theft: "[W]e must presume that voters were at least aware that the Penal Code sets out 'grand theft' crimes that included theft of access card account information. ( § 484e.) The text and structure of **907 Proposition 47 convey that section 490.2 's clear purpose was to reduce punishment for crimes of 'obtaining any property by theft' that were previously punished as 'grand theft' when the stolen property was worth less than $ 950. And section 484e confirms that theft of access card information is one of those crimes." ( Romanowski , at p. 909, 215 Cal.Rptr.3d 758, 391 P.3d 633.)
The majority here equates street terrorism with a nonserious theft offense subject to section 490.2. Section 186.22, subdivision (a) applies to "[a]ny person who actively participates in any criminal street gang with knowledge that its members engage in, or have engaged in, a pattern of criminal gang activity, and who willfully promotes, *664 furthers, or assists in any felonious criminal conduct by members of that gang ...." First, the Penal Code specifically lists a violation of section 186.22 as a serious felony. (§ 1192.7, subd. (c)(28).) Proposition 47 was represented to the voters as applying only to "nonserious and nonviolent property and drug crimes." (Voter Information Guide, Gen. Elec., supra , analysis of Prop. 47 by Legis. Analyst, p. 35.) Applying its ameliorative provisions to a serious felony would seem contrary to the electorate's intent.
Second, a violation of section 186.22, subdivision (a) is not a theft offense. "The gravamen of the substantive offense set forth in section 186.22 [, subdivision] (a) is active participation in a criminal street gang." ( People v. Albillar (2010) 51 Cal.4th 47, 55, 119 Cal.Rptr.3d 415, 244 P.3d 1062.) Section 186.22, subdivision (a)"reflects the Legislature's carefully structured endeavor to punish active participants for commission of criminal acts done collectively with gang members." ( People v. Rodriguez (2012) 55 Cal.4th 1125, 1139, 150 Cal.Rptr.3d 533, 290 P.3d 1143 (lead opn. of Corrigan, J.) ( Rodriguez ).) Thus, unlike vehicle theft in Page or theft of access card information in Romanowski , street terrorism encompasses concerted criminal conduct beyond mere theft, even if theft is part of the underlying conduct.
On this point, two Court of Appeal cases are instructive. People v. Martin (2018) 26 Cal.App.5th 825, 237 Cal.Rptr.3d 504 ( Martin ) concluded that conspiracy (§ 182, subd. (a)(1)) to commit petty theft was not subject to Proposition 47 resentencing. Martin noted that "[t]he courts have long recognized the enhanced dangers of a conspiracy" ( Martin , at p. 836, 237 Cal.Rptr.3d 504 ), and reasoned the defendant's offense went beyond a mere theft: "The conspiracy in which respondent was involved was not an ordinary shoplifting scheme; it involved criminal teamwork." ( Id . at p. 839, 237 Cal.Rptr.3d 504.) The defendant conspired to *432 "commit as many petty thefts as she could get away with" and sell the stolen property overseas. ( Id . at p. 828, 237 Cal.Rptr.3d 504.) Martin observed, "The potential harm to the public from such a conspiracy was far greater than the harm posed by ordinary shoplifting." ( Id . at p. 839, 237 Cal.Rptr.3d 504.) Accordingly, the Court of Appeal reversed her resentencing under Proposition 47. (See also People v. Segura (2015) 239 Cal.App.4th 1282, 1284, 191 Cal.Rptr.3d 904.)
Similarly, People v. Soto (2018) 23 Cal.App.5th 813, 233 Cal.Rptr.3d 515 concluded Proposition 47 did not ameliorate a felony conviction for theft from an elder (§ 368, subd. (d)). Soto observed that neither Page nor Romanowski "had occasion to consider Proposition 47 eligibility for what we will call a pure 'theft-plus' offense, i.e., one that is not identified as grand theft and requires additional necessary elements beyond the theft itself. Nothing in Romanowski or Page suggests that section 490.2 extends to any course of conduct that happens to include obtaining property by theft worth less than $ 950." ( Soto , at p. 822, 233 Cal.Rptr.3d 515.) Soto reasoned a contrary conclusion would lead to absurd results, noting that theft was an included offense of robbery (§ 211), a violent felony (§ 667.5, subd. (c)(9)), and "[a] robber might take property by larceny worth less than $ 950" ( Soto , at p. 822, 233 Cal.Rptr.3d 515 ). "An overexpansive reading of Romanowski and Page might construe that 'theft-plus' offense as petty theft under section 490.2. Such a construction would thwart Proposition 47's objective to reduce sentences for nonviolent crimes while shifting spending toward more serious offenses." ( Id . at pp. 822-823, 233 Cal.Rptr.3d 515.) Soto concluded: "Soto was charged with an aggravated form of theft-theft from an elder victim. We see *665 no way to interpret section 490.2 to cover Soto's conviction without converting **908 every 'theft-plus' offense involving less than $ 950 into petty theft." ( Id . at p. 824, 233 Cal.Rptr.3d 515, fn. omitted.)
The reasoning of Martin and Soto applies here. Defendant's street terrorism offense went beyond the mere commission of theft. The jury necessarily found that defendant acted with a fellow gang member and committed their offense to promote their gang. Just as a conspiracy to commit theft poses a danger to society beyond the underlying theft, defendant's active gang participation likewise posed a danger to society beyond the underlying theft. As Soto reasoned, nothing in Proposition 47 suggested an electoral intent to reduce to a misdemeanor any and all felonies that may include some aspect of theft.
In passing the California Street Terrorism Enforcement and Prevention Act (§ 186.20 et seq.), the Legislature declared "that the State of California is in a state of crisis which has been caused by violent street gangs whose members threaten, terrorize, and commit a multitude of crimes against the peaceful citizens of their neighborhoods. These activities, both individually and collectively, present a clear and present danger to public order and safety and are *433 not constitutionally protected." (§ 186.21.) The majority's treatment of defendant's street terrorism offense as nothing but a form of theft is at odds with the important purposes behind both section 186.22, "enacted in 1988 to combat a dramatic increase in gang-related crimes and violence" ( People v. Prunty (2015) 62 Cal.4th 59, 67, 192 Cal.Rptr.3d 309, 355 P.3d 480 ), and with Proposition 47, which was enacted to grant relief to those convicted of nonserious theft and drug offenses.
The majority's reliance on the so-called " 'full resentencing rule' " of People v. Buycks (2018) 5 Cal.5th 857, 236 Cal.Rptr.3d 84, 422 P.3d 531 ( Buycks ) is misplaced. ( Id . at p. 893, 236 Cal.Rptr.3d 84, 422 P.3d 531.) As articulated in In re Estrada (1965) 63 Cal.2d 740, 48 Cal.Rptr. 172, 408 P.2d 948, unless otherwise indicated, an " 'amendatory statute lessening punishment is presumed to apply in all cases not yet reduced to final judgment as of the amendatory statute's effective date.' " ( People v. DeHoyos (2018) 4 Cal.5th 594, 600, 229 Cal.Rptr.3d 687, 412 P.3d 368 ; see In re Estrada , at p. 744, 48 Cal.Rptr. 172, 408 P.2d 948.) We applied this rule in Buycks to two enhancements for having served a prior prison term (§ 667.5, subd. (b)) and committing an offense while released on bail or his own recognizance (§ 12022.1), both of which required underlying felony convictions. (See Buycks , at pp. 889-891, 236 Cal.Rptr.3d 84, 422 P.3d 531.) Buycks reasoned that, once those underlying felony convictions were resentenced to misdemeanors under Proposition 47, section 1170.18, subdivision (k), which states that "[a] felony conviction that is recalled and resentenced under subdivision (b) ... shall be considered a misdemeanor for all purposes," applied: "Therefore, at the time of resentencing of a Proposition 47 eligible felony conviction, the trial court must reevaluate the applicability of any enhancement within the same judgment at that time , so long as that enhancement was predicated on a felony conviction now reduced to a misdemeanor. Such an enhancement cannot be imposed because at that point the reduced conviction 'shall be considered a misdemeanor for all purposes.' ( § 1170.18, subd. (k).)" ( Buycks , at pp. 894-895, 236 Cal.Rptr.3d 84, 422 P.3d 531.)
It is unclear from the majority opinion what specific statutory amendment is being given retroactive effect within the meaning of Estrada and Buycks under the *666 full resentencing rule. The majority states, "The reduction of defendant's felony grand theft conviction to a misdemeanor therefore established the absence of an essential element of the street terrorism crime" (maj opn., ante , 247 Cal.Rptr.3d at p. 660, 441 P.3d at p. 904), suggesting it is applying section 1170.18, subdivision (k). Indeed, the majority cites Buycks 's application of that provision. (Maj. opn., ante , 247 Cal.Rptr.3d at pp. 660-661, 441 P.3d at pp. 904-905; see also ibid . ["In light of defendant's Proposition 47 resentencing, that theft can no longer be regarded as felonious"].) However, the enhancements in Buycks required underlying felony convictions in order to be imposed, and the Proposition 47 reduction of those felonies to misdemeanors took away a necessary component of the enhancements. ( Buycks, supra, 5 Cal.5th at pp. 888-891, 236 Cal.Rptr.3d 84, 422 P.3d 531.) By contrast, as the majority acknowledges, a street terrorism conviction **909 under section 186.22, subdivision (a) does not *434 require a conviction of any other felony offense. (See maj. opn., ante , 247 Cal.Rptr.3d at p. 661, fn.5, 441 P.3d at p. 904, fn.5.) As such, the fact that a felony conviction unnecessary to the street terrorism conviction was reduced to a misdemeanor should have no bearing on the continued validity of defendant's section 186.22, subdivision (a) conviction. Buycks is thus distinguishable.
The majority's application of the full resentencing rule here essentially sanctions an end run around the Proposition 47 resentencing scheme. As described ante , defendant cannot establish entitlement to relief under the resentencing procedure of section 1170.18, subdivision (a). Buycks recognized alternative procedures for relief "because Proposition 47 does not provide a specific mechanism for recalling and resentencing a judgment solely because a felony-based enhancement has been collaterally affected by the reduction of a conviction to a misdemeanor in a separate judgment ...." ( Buycks, supra, 5 Cal.5th at p. 892, 236 Cal.Rptr.3d 84, 422 P.3d 531.) It is one thing to recognize such a procedure in Buycks , where reduction of a felony to a misdemeanor under Proposition 47 eliminated the felony convictions required for the enhancements there, thus implementing the electoral intent manifested in section 1170.18, subdivision (k). It is quite another to apply such a procedure here. The majority contemplates the trial court will strike entirely the street terrorism conviction, even though that offense was nowhere mentioned in Proposition 47 and section 186.22 was not amended by the act, due to the happenstance that defendant was also concurrently convicted of grand theft, a conviction not required for a street terrorism conviction, and that theft conviction was later reduced to a misdemeanor. Indeed, the only difference between this case and Martin is that Martin did not have the good fortune to be convicted of theft in addition to conspiracy to commit theft.[2] Nothing in the language of Proposition 47 suggests the electorate contemplated such a random and haphazard scheme.
We are, of course, bound by the voters' lawful enactments, and properly so. But we are bound to enforce those enactments in accordance with the voters' lawful intent. As Justice Yegan observed in Martin , "The fabric of the law will stretch only so far before it will unravel." ( Martin, supra, 26 Cal.App.5th at p. 828, 237 Cal.Rptr.3d 504.) To conclude that, in providing more lenient treatment for those convicted of nonviolent theft offenses, the voters intended to reduce culpability for those guilty of the separate, serious felony of street terrorism stretches credulity, and the fabric of the law, too far. I would affirm the Court of Appeal's judgment affirming the trial court's denial of resentencing under Proposition 47.
Dissenting Opinion by Justice Kruger *667 *435 In 2013, in an apparent gang-related incident, defendant Luis Donicio Valenzuela took a bicycle worth around $ 200 dollars from another young man. He was convicted of two felonies: grand theft from the person ( Pen. Code, § 487, subd. (c) ) and active participation in a street gang (id. , § 186.22, subd. (a)). The latter offense applies to a person who actively participates in a criminal street gang with knowledge of the gang's pattern of criminal activity, and who "willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang." (Ibid. )
In 2014, while these convictions were on appeal, voters passed Proposition 47, which reclassified many drug possession and theft offense felonies as misdemeanors. Among the measure's new provisions was Penal Code section 490.2, which generally reduced felony punishment for theft of property worth $ 950 or less to the misdemeanor level. (Id. , subd. (a).) Invoking this provision, defendant successfully petitioned the superior court to reduce his grand theft conviction to a misdemeanor. ( Pen. Code, § 1170.18, subds. (a), (b), as added by Prop. 47, § 14, approved by voters, Gen. Elec. (Nov. 4, 2014).) He now argues that the superior court should also have dismissed his felony gang participation conviction altogether. He reasons that once the grand theft conviction was reduced to a misdemeanor, grand theft could no longer be used to satisfy the "felonious criminal conduct" element of the gang participation crime **910 under Penal Code section 186.22, subdivision (a).
The Court of Appeal rejected this argument. It explained that because liability under Penal Code section 186.22, subdivision (a) does not depend on having sustained any underlying felony conviction, the fact that defendant's grand theft conviction was later reduced to a misdemeanor had no bearing on the continued validity of defendant's gang participation conviction. ( People v. Valenzuela (2016) 5 Cal.App.5th 449, 452-453, 209 Cal.Rptr.3d 860, review granted Mar. 1, 2017, S239122.)
The majority now reverses, reasoning that the resentencing court's reduction of defendant's theft conviction to a misdemeanor "established the absence of an essential element of the street terrorism offense-felonious criminal conduct." (Maj. opn., ante , 247 Cal.Rptr.3d at pp. 653-654, 441 P.3d at p. 898.) "In light of defendant's Proposition 47 resentencing," defendant's theft of the bicycle "can no longer be regarded as felonious" (maj. opn., ante , 247 Cal.Rptr.3d at p. 660, 441 P.3d at p. 904); put another way, "the reduction of defendant's theft conviction to a misdemeanor establishes that he cannot be regarded as having engaged in felonious criminal conduct" (id. at p. 661, 441 P.3d at p. 904) as required for a conviction under Penal Code section 186.22, subdivision (a).
Much as I sympathize with the majority's efforts to give appropriate effect to Proposition 47's ameliorative purposes, I cannot join in this reasoning. As *436 the Court of Appeal rightly noted, the argument conflates the grand theft conviction with the conduct underlying it. Defendant's gang participation conviction did not depend on the existence of a separate conviction for grand theft (or any other felony, for that matter); it depended only on his having committed or assisted in felonious conduct to promote the activities of a criminal street gang. It follows that the reduction of defendant's grand theft conviction does not entitle defendant to dismissal of his gang participation conviction.
This case is not like *668 People v. Buycks (2018) 5 Cal.5th 857, 871, 236 Cal.Rptr.3d 84, 422 P.3d 531. In Buycks , we held that reduction of a felony conviction to a misdemeanor under Proposition 47 invalidated sentence enhancements based on the prior felony conviction because under Penal Code section 1170.18, subdivision (k), the reduced conviction "shall be considered a misdemeanor for all purposes." There, the validity of each of the enhancements at issue depended on the existence of a felony conviction, not simply the commission of felonious conduct. (See Buycks , at pp. 888-890, 236 Cal.Rptr.3d 84, 422 P.3d 531 [enhancement under Pen. Code, § 667.5, subd. (b) ], 890-891 [enhancement under Pen. Code, § 12022.1 ].) In contrast, the gang participation offense defined in Penal Code section 186.22, subdivision (a), does not refer-even implicitly-to a predicate prior felony conviction. It instead applies to a gang participant who has assisted other gang members in felonious conduct. The majority opinion does not explain how the reduction of defendant's grand theft conviction to a misdemeanor could possibly have altered the nature of the conduct underlying the gang participation offense.
The majority opinion does gesture to a possible alternative rationale for reaching the same conclusion: that setting aside the fate of defendant's separate theft conviction, Proposition 47 itself retroactively operated on Penal Code section 186.22, subdivision (a), to preclude reliance on conduct involving theft of property worth less than $ 950. Although the majority opinion does not clearly say so, this is an entirely different argument for granting relief. It does not depend in any way on the reclassification of defendant's grand theft conviction; it depends, rather, on our usual presumption that legislation lessening punishment is intended to apply retroactively to all cases that have not yet become final on appeal. ( In re Estrada (1965) 63 Cal.2d 740, 745, 48 Cal.Rptr. 172, 408 P.2d 948.) The majority touches on this argument when it reasons that because defendant's gang participation conviction was not yet final when Proposition 47 took effect, "the limited retroactivity rule of Estrada , supra , 63 Cal.2d 740, 48 Cal.Rptr. 172, 408 P.2d 948, which presumes that ameliorative changes in the criminal laws were intended to be applied to cases with nonfinal judgments," makes the underlying conduct "susceptible to reassessment" under the measure's new provisions.
**911 (Maj. opn., ante , 247 Cal.Rptr.3d at p. 661, 441 P.3d at p. 905.)
*437 There are, however, several difficulties with relying on this argument here, beginning with the fact it has not been properly presented to us. Defendant never made the Estrada argument in the Court of Appeal, and that court did not address it. Nor did defendant rely on Estrada in his briefing in this court. Even when we specifically asked the parties to brief that decision's significance, defendant affirmatively disclaimed reliance on this theory, conceding that he was not entitled to retroactive relief under Estrada . Counsel partly withdrew that concession in a letter submitted to the court before oral argument, but he still did not invoke Estrada as a standalone basis for relief; his arguments have instead relied on some amalgam of Estrada and his original, and incorrect, theory that the reduction of his grand theft conviction necessarily implies the invalidity of his gang participation conviction.[1]
*669 As a consequence, neither the parties nor the courts have ever grappled with the implications of adopting a rule that would regard Proposition 47 as retroactively invalidating convictions for offenses that, like Penal Code section 186.22, subdivision (a), depend in some way on a showing that the defendant committed conduct punishable as a felony. The first, threshold question is whether this theory can be squared with People v. DeHoyos (2018) 4 Cal.5th 594, 600-603, 229 Cal.Rptr.3d 687, 412 P.3d 368, in which we held that defendants who were serving felony sentences on Proposition 47's effective date-and who therefore could seek resentencing under Penal Code section 1170.18 -could not instead claim the direct benefit of retroactive amelioration under Estrada .
Even if we were to answer that question in the affirmative, we would then have to confront an arguably anomalous consequence of the theory. Proposition 47 was designed to reduce certain felonies to misdemeanors. But retroactive application of Proposition 47 in this context could instead result in a defendant being relieved of all criminal liability for his or her formerly felonious conduct. In this case, of course, defendant was convicted of grand theft as well as gang participation, and that theft conviction has now been reduced to a misdemeanor. Dismissing or vacating defendant's gang participation conviction, as this court's disposition directs, will leave him with a misdemeanor conviction for his theft, just as a person who committed the same conduct after Proposition 47 would face prosecution for misdemeanor theft. But a defendant who, by contrast, had been charged with and convicted *438 only of gang participation under Penal Code section 186.22, subdivision (a), would, under the Estrada theory, be retroactively relieved of all liability. This is a result that the voters who approved Proposition 47 did not likely anticipate.
Whether that consequence is one that should preclude retroactive relief is a significant question. But it is a question that is not properly before us, and it is therefore not one we can or should answer here.
On the only question properly presented to us, I think the Court of Appeal got it right: The reduction of defendant's grand theft conviction to a misdemeanor did not retroactively invalidate defendant's separate conviction for gang participation. In the absence of briefing and argument to support any other viable theory of relief, I would affirm the judgment of the Court of Appeal.
I Concur:
CORRIGAN, J.

A broad analogy might be drawn to a defendant who escapes while incarcerated for a crime later found to be unconstitutional. We made clear in Estrada , supra , 63 Cal.2d 740, 48 Cal.Rptr. 172, 408 P.2d 948 that the subsequent invalidation of the underlying offense would not bar such a defendant from being convicted for escape. (Id ., at p. 750, 48 Cal.Rptr. 172, 408 P.2d 948.)

Thus, for example, a gang member who promotes, furthers, or assists a felony committed by other gang members might be convicted of street terrorism without also being charged with, let alone convicted of, the offense he or she facilitated. In such a case, however, the finder of fact still must determine that the defendant promoted, furthered, or assisted the commission of a specific felony.

Our determination that defendant is entitled to a full resentencing at which the reduction of his grand theft conviction to misdemeanor petty theft will lead to the dismissal of his street terrorism conviction should not be read to imply a separate, negative holding: that a different defendant, convicted only of street terrorism before Proposition 47 came into effect, cannot obtain relief under the initiative even though the criminal conduct he or she promoted, furthered, or assisted is no longer felonious. We have no occasion here to address those circumstances, and leave for another day what remedies, if any, are available to a defendant in that position.

Subsequent statutory references are to the Penal Code unless otherwise noted.

Martin was convicted of shoplifting (§ 459.5 ) for an incident unrelated to the charged conspiracy. (See Martin, supra, 26 Cal.App.5th at p. 829, 237 Cal.Rptr.3d 504.)

Defendant did brief and argue an alternative theory for relief independent of Penal Code section 1170.18, subdivision (k) : that defendant was entitled to resentencing under subdivision (a) of the statute. But that theory relied not on Estrada but on People v. Page (2017) 3 Cal.5th 1175, 225 Cal.Rptr.3d 786, 406 P.3d 319 and People v. Romanowski (2017) 2 Cal.5th 903, 215 Cal.Rptr.3d 758, 391 P.3d 633. The theory fails for reasons given in Justice Corrigan's dissent: Unlike the crimes involved in Page and Romanowski , the gang participation offense in Penal Code section 186.22, subdivision (a), neither is a grand theft offense nor has grand theft as one of its statutory variants.