Filed 10/25/22 P. v. Tatum CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C094490, C094571 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 20CF05128, 20CF01690) |
| v. | |
| ALPHONSO FITZGERALD TATUM, | |
| Defendant and Appellant. | |

Defendant Alphonso Fitzgerald Tatum admitted violating the conditions of his probation. The trial court imposed an upper term sentence for carrying a concealed dirk or dagger.

While defendant's appeal was pending, the Legislature enacted Senate Bill No. 567 (2021-2022 Reg. Sess.), which took effect on January 1, 2022. Among other things, the bill amended Penal Code section 1170, subdivision (b)[1] to prohibit trial courts from considering aggravating circumstances to justify an upper term sentence, unless the facts underlying each aggravating factor have been established by one of three prescribed methods. (Stats. 2021, ch. 731, § 1.3.)

---

[1] Undesignated statutory references are to the Penal Code.

1

The parties agree on all three contentions asserted by defendant on appeal: (1) that the trial court's imposition of an upper term sentence on the principal count does not satisfy the new requirements of section 1170, subdivision (b); (2) that the trial court did not properly specify the fines and penalty assessments it imposed; and (3) that the abstract of judgment incorrectly lists the code for one of defendant's convictions.

Because we agree with the parties on the first contention, we need not address the other two. We will vacate defendant's sentence and remand for resentencing.

## BACKGROUND

In two separate cases, defendant pleaded no contest to carrying a concealed dirk or dagger (case No. 20CF01690; § 21310) and possessing a controlled substance (case No. 20CF05128; Health & Saf. Code, §§ 11377, 11055, subd. (d)(2)). The trial court suspended imposition of sentence and placed defendant on probation.

Four months later, defendant admitted violating the conditions of his probation in both cases. At sentencing, the trial court denied defendant's request to continue on probation. As aggravating circumstances, the trial court found: (1) defendant had served prior prison terms; (2) defendant was on parole when he committed the offense; and (3) defendant had previously performed unsatisfactorily on probation, parole and post-release community supervision. The trial court found no mitigating circumstances.

Based on these circumstances, the trial court sentenced defendant to the upper term of three years in state prison for carrying a concealed dirk or dagger, plus a consecutive term of eight months (one-third the middle term) for possessing a controlled substance.

## DISCUSSION

Senate Bill No. 567 amended section 1170, subdivision (b) to provide that a trial court may only impose an upper term sentence if aggravating circumstances are stipulated to by the defendant, have been found true beyond a reasonable doubt, or are based on a certified record of conviction. (§ 1170, subd. (b)(1)-(3); Stats. 2021, ch. 731,

2

§ 1.3, eff. Jan. 1, 2022.)  The amendments apply retroactively to nonfinal convictions on appeal.  (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1109.)

The parties agree that the new requirements of section 1170, subdivision (b) were not met in this case.  Accordingly, we will vacate defendant's sentence and remand for a full resentencing.  Because the trial court can revisit all prior sentencing decisions when resentencing, defendant can assert his other appellate contentions on remand.  (See *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 ["the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"].)

## DISPOSITION

The sentence is vacated, and the matter is remanded to the trial court for resentencing.  The judgment is otherwise affirmed.

/S/
MAURO, Acting P. J.

We concur:

/S/
HOCH, J.

/S/
BOULWARE EURIE, J.