Filed 4/3/23  P. v. Salvatierra CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ANTHONY JOSEPH SALVATIERRA,<br><br>  Defendant and Appellant. | F083297<br><br>(Super. Ct. No. MCR058154)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Madera County.  Ernest J. LiCalsi, Judge.

Nicholas Seymour, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary and Ian Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Defendant Anthony Joseph Salvatierra was convicted of active participation in a criminal street gang, assault with force likely to cause great bodily injury, and a gang enhancement. After defendant's trial, the Legislature substantially amended the statutes for the gang offenses and enhancement. The parties agree that the gang convictions and enhancement should be reversed and the matter remanded to the trial court for further proceedings. We agree but otherwise affirm the judgment.

## PROCEDURAL BACKGROUND

The District Attorney of Madera County filed a second amended information on May 21, 2021, charging defendant with murder and the special circumstance that defendant intentionally killed while an active participant in, and to further the activities of, a criminal street gang (Pen. Code, §§ 187, subd. (a), 190.2, subd. (a)(22);[1] count 1), attempted murder (§§ 664, 187, subd. (a); count 2), two counts of active participation in a criminal street gang (former § 186.22, subd. (a); counts 3 & 5), and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count 4). As to counts 1 and 2, the second amended information alleged that the crimes were committed to benefit a criminal street gang (former § 186.22, subd. (b)(5)) and that defendant personally used (§§ 12022.53, subd. (b), 12022.5, subd. (a)(1)) and discharged a firearm (§ 12022.53, subd. (c)(2)). As to count 4, the second amended information alleged that the crime was committed to benefit a criminal street gang (former § 186.22, subd. (b)(1)(A)). Defendant pleaded not guilty to the charges and denied all allegations.

Defendant pleaded guilty to counts 3 and 5 during trial and, after a 23-day trial, the jury convicted defendant on June 29, 2021, of assault causing great bodily harm as charged in count 4 and found true that the offense benefited a criminal street gang. The jury acquitted defendant of murder, attempted murder, and all lesser included offenses.

---

[1] Undesignated statutory references are to the Penal Code.

The trial court sentenced defendant on July 26, 2021, to the middle term of three years in prison on count 4 plus three years (§§ 245, subd. (a)(4), former 186.22, subd. (b)(1)(A)), an eight-month consecutive term on count 3, and a stayed eight-month term on count 5 (former § 186.22, subd. (a)), for a total of six years eight months. The court ordered defendant to pay a $300 restitution fine (former § 1202.4), a suspended $300 parole revocation restitution fine (§ 1202.45), an $890 fine (§ 245, subd. (a)(4)), a $30 criminal conviction assessment (Gov. Code, § 70373), and a $40 court operations assessment (§ 1465.8).

Defendant timely appealed on September 13, 2021.

## FACTS[2]

On December 17, 2017, several Norteño gang members challenged John Diaz, another Norteño gang member, to fight. While Diaz was standing outside his mother's home, defendant and several other individuals fought with Diaz, Diaz's brother, and Diaz's cousin. Isaiah McGuire attempted to break up the fight. Someone fired a handgun in the air several times, shot at Diaz's brother, and fatally wounded McGuire. Testimony conflicted as to whether defendant fired the gun that killed McGuire.

On July 9, 2018, defendant and several Norteño gang members assaulted A.A. in the Madera County jail. The incident was recorded. Defendant held A.A. while the other gang members struck him. A.A. suffered bloody bruises on his body and face.

The prosecution and defense stipulated that various active gang members were convicted of various felony offenses. The parties also stipulated defendant was an active member of a Norteño criminal street gang on the dates of the offenses. The prosecution's gang expert testified that the murder, attempted murder, and assault benefited the criminal street gang.

---

**2** As defendant's appeal addresses only the effect of recent legislative amendments on his convictions, we provide only an abbreviated summary of the underlying facts of his case.

## DISCUSSION

**I.    The gang convictions in counts 3 and 5 and the gang enhancement in count 4 must be reversed following the passage of Assembly Bill No. 333.**

Section 186.22 makes it a crime to actively participate in a "criminal street gang," (§ 186.22, subd. (a)) and the statute provides for enhanced punishment when a defendant is convicted of an enumerated felony committed "for the benefit of, at the direction of, or in association with a criminal street gang" (*id.*, subd. (b)(1)). At trial, the parties stipulated that defendant was an active member of a criminal street gang, and defendant ultimately pleaded guilty to counts 3 and 5, which charged him with active gang participation (former § 186.22, subd. (a)).[3] Defendant's jury found true the gang enhancement (former § 186.22, subd. (b)(1)) as to count 4.

Effective January 1, 2022, Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333) amended section 186.22 to require proof of additional elements to establish gang offenses and enhancements. (Stats. 2021, ch. 699, § 4.) Defendant contends that the amendments to section 186.22 apply retroactively to his case and that we must reverse his convictions on counts 3 and 5 and the true finding on the gang enhancement as to count 4 because he was convicted under a prior version of the law. The People concede that the amendments apply retroactively. We agree and reverse the convictions on counts 3 and 5 and the true finding on the gang enhancement as to count 4.

---

[3]    The trial court accepted defendant's stipulation that he "was an active Norteño criminal street gang member on" the dates of the murder, attempted murder, and assault. For reasons not clear from the record, the court later found that it had accepted the stipulation in error and required defendant to waive his constitutional rights and plead guilty to the charges of active participation in a criminal street gang. However, defendant's stipulation did not include other elements of this former offense, such as defendant's knowledge that other members had engaged in a pattern of criminal gang activity or that defendant willfully assisted felonious criminal conduct by other members of the gang. (See CALCRIM No. 1400.) Given these circumstances, we remand to allow defendant the opportunity to withdraw his plea.

The parties agree amendments to section 186.22 altered the requirements necessary to prove the substantive gang offense and gang enhancements and, therefore, operate retroactively. (*In re Estrada* (1965) 63 Cal.2d 740; *People v. Tran* (2022) 13 Cal.5th 1169, 1206–1207 ["[*In re*] *Estrada* applies to statutory amendments 'which redefine, to the benefit of defendants, conduct subject to criminal sanctions.' … 'Assembly Bill 333 essentially adds new elements to the substantive offense and enhancements in section 186.22 ….' These changes have the effect of 'increas[ing] the threshold for conviction of the section 186.22 offense and the imposition of the enhancement,' with obvious benefit to defendants like Tran."].) Accordingly, it is undisputed defendant may seek the benefit of amendments to section 186.22.

As to the jury's true finding on the gang enhancement, the trial court's jury instructions were erroneous because they omitted several elements from the charges in violation of defendant's Sixth and Fourteenth Amendment rights. The People also agree the evidence was insufficient to establish the predicate offenses benefitted the gang in a way that was more than reputational as required under the amended law. Thus, they concede defendant's substantive gang convictions (counts 3 & 5) and the gang enhancement as to count 4 must be reversed.

Both parties agree the matter should be remanded to afford the prosecution an opportunity to retry the gang-related charges and enhancements, as do we. "The proper remedy for this type of failure of proof—where newly required elements were 'never tried' to the jury—is to remand and give the People an opportunity to retry the affected charges." (*People v. E.H.* (2022) 75 Cal.App.5th 467, 480; see *People v. Salgado* (2022) 82 Cal.App.5th 376, 380–381 [vacating gang enhancements and remanding for possible retrial at the election of the People].)

Counts 3 and 5 and the gang enhancement on count 4 are reversed and the matter is remanded. On remand, defendant may elect to withdraw his plea to the substantive gang offenses and the People may elect to retry the substantive gang offenses and gang

enhancement under the current gang enhancement law or, instead, they may proceed directly to resentencing on the remaining conviction and any other sentencing enhancements.

## II. Defendant is entitled to be resentenced under amended section 1170.

The trial court sentenced defendant and selected the middle term sentence. Effective January 1, 2022, Assembly Bill No. 124 (2021–2022 Reg. Sess.) amended section 1170 to include a presumption in favor of the lower term sentence when a defendant is under 26 years of age at the time of the offense, unless the court finds that the aggravating circumstances outweigh the mitigating circumstances. (§§ 1170, subd. (b)(6)(B), 1016.7, subd. (b), as amended by Stats. 2021, ch. 695, §§ 4, 5.) Here, because defendant was under 26 years old at the time of the offense, it is possible his age "was a contributing factor in the commission of the offense" that may require imposition of the lower term. (§ 1170, subd. (b)(6).)

Defendant contends that because his case is not yet final on appeal, he is entitled to the benefits of section 1170, as amended, pursuant to the principles of retroactivity set forth in *In re Estrada*, *supra*, 63 Cal.2d 740. The People agree that we should remand the matter for resentencing and permit the trial court to reconsider its sentencing choices in light of the recent amendments. We accept the People's concession.

The Supreme Court has held, when a court is unaware of the scope of its discretionary powers, "the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

After reviewing the trial court's comments and sentence in this case, we are unable to conclude that the court would not exercise its discretion to impose a different sentence. In any event, we are reversing defendant's gang offenses, vacating his gang

6.

enhancement, and remanding the matter. Irrespective of whether the prosecution elects to retry defendant on the gang offenses and enhancements, the court must conduct a full resentencing proceeding. During resentencing, defendant may present the court with any sentencing arguments he may have. (See *People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425 ["the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"].)

**III.   Even if amended section 1109 is retroactive, failure to bifurcate the gang charges and special allegations in this case was harmless.**

Effective January 1, 2022, Assembly Bill 333 amended section 186.22 (Stats. 2021, ch. 699, § 4) and added section 1109 (Stats. 2021, ch. 699, § 5) to the Penal Code. Section 1109, subdivision (a) provides that, upon request by the defense, a gang enhancement charged under subdivision (b) or (d) of section 186.22 shall be tried separately after determination of the defendant's guilt of the underlying offense. Section 1109, subdivision (b) provides that a violation of section 186.22, subdivision (a) shall be tried separately from all other charges that do not require gang evidence as an element of the offense.

In supplemental briefing, defendant argues that the bifurcation requirement created by section 1109 applies retroactively to his conviction, which is not yet final. In his opening supplemental brief, defendant argues that the failure to bifurcate requires that we reverse the entire judgment so that his remaining charges may be tried in a bifurcated proceeding in which the jury will first deliver a verdict on the substantive charges without being exposed to the evidence relating to the gang offenses and enhancements. The People disagree.

Since defendant's opening supplemental brief was filed, our Supreme Court decided *People v. Tran*, *supra*, 13 Cal.5th 1169 and found it unnecessary to take a position on whether section 1109 applies retroactively to convictions that are not yet final, as any error in failing to bifurcate the trial of the gang enhancements was harmless.

(*Tran*, at p. 1208 [rejecting the defendant's "contention that the failure to bifurcate constitutes structural error" and applying *People v. Watson* (1956) 46 Cal.2d 818, 836–837].) In his reply brief, defendant concedes that any error in failing to bifurcate was harmless.

We accept this concession and find the failure to bifurcate the trial of the gang offenses and enhancements was not prejudicial error.

## DISPOSITION

The true finding on the former section 186.22, subdivision (b) gang enhancement as to count 4 and the convictions on counts 3 and 5 pursuant to former section 186.22, subdivision (a) are reversed. The matter is remanded to the trial court with directions to (1) give defendant the opportunity to withdraw his plea to the substantive gang offenses, (2) give the prosecution an opportunity to retry the substantive gang offenses (should defendant elect to withdraw his plea) and enhancement under section 186.22, as amended by Assembly Bill 333 (Stats. 2021, ch. 699, § 4), and (3) resentence defendant in a manner consistent with this opinion. Thereafter, the court is directed to file an amended and corrected abstract of judgment and transmit copies thereof to the appropriate authorities. In all other respects, the judgment is affirmed.

HILL, P. J.

WE CONCUR:

FRANSON, J.

SMITH, J.

8.