Filed 6/15/22  P. v. Moultrie CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TREVON HASHEEM MOULTRIE,<br><br>    Defendant and Appellant. | F080794<br><br>(Super. Ct. No. 18CR-05127-RF)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Merced County.  Jeanne Schechter, Judge.

William W. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill, Melissa Lipon and Kari Ricci Mueller, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# INTRODUCTION

A jury convicted appellant Trevon Hasheem Moultrie of robbery (Pen. Code, § 211),[1] inflicting corporal injury on a spouse or cohabitant with a prior conviction (§ 273.5, subd. (f)(1)) (corporal injury), criminal threats (§ 422, subd. (a)), and other related offenses and enhancements. The court sentenced appellant to 17 years eight months in state prison.

In supplemental briefing, appellant contends the matter should be remanded for resentencing in light of newly enacted legislation, including Assembly Bill No. 124 (2021-2022 Reg. Sess.). Respondent concedes remand is appropriate. We accept respondent's concession and remand the matter for resentencing.

Appellant also contends that his sentences for corporal injury and criminal threats should have been stayed pursuant to section 654, and that the imposition of certain court fees violated his rights to equal protection and due process. Because appellant must be fully resentenced, we need not address the merits of these claims.

# PROCEDURAL BACKGROUND

The Merced County District Attorney's Office filed an information charging appellant with robbery (§ 211; count 1), inflicting corporal injury on a spouse or cohabitant with a prior conviction (§ 273.5, subd. (f)(1); count 2), assault with a deadly weapon (§ 245, subd. (a)(1); count 3), residential burglary (§ 459; count 4), and criminal threats (§ 422, subd. (a), count 5). The information further alleged appellant suffered a prior strike conviction (§§ 667, subd. (b)–(i), 1170.12, subds. (a)–(d)) and a prior serious felony conviction (§ 667, subd. (a)(1)), and served two prior prison terms (§ 667.5, subd. (b)).

The jury found appellant guilty of all counts, except for the burglary count on which it could not reach a verdict. Following trial, the court granted the People's motion

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

to dismiss the burglary count and the prior prison term allegations. In a bifurcated proceeding, the trial court found true the allegations appellant suffered a prior strike conviction and a prior serious felony conviction.

At sentencing, the court set count 1 as the principal term and imposed the upper term of five years, doubled to 10 years for appellant's strike prior (§ 667, subd. (e)(1)). On count 2, the court imposed a consecutive sentence of two years eight months. On count 3, the court stayed the conviction pursuant to section 654. On count 5, the court imposed a concurrent sentence of six years. The court also imposed an additional five-year sentence for appellant's prior serious felony conviction, for a total sentence of 17 years eight months in state prison.

## FACTUAL BACKGROUD

Appellant and D.V. began dating in April 2016. Throughout their relationship they have lived together intermittently and separated on numerous occasions.

In April 2017, appellant was convicted for felony domestic violence against D.V. (§ 273.5, subd. (a)). Appellant served time in prison for the conviction and was released approximately three weeks before committing the instant offenses.

On September 24, 2018, around 2:00 a.m., D.V. called 911 and reported appellant assaulted her and stole her cell phone and purse. Responding officers observed D.V. had multiple lumps and a bloody abrasion on her head and a scrape on her ankle.

At trial, D.V. testified appellant did not assault her. She claimed she received her injuries during a fight at a nearby park while she was drunk. She also claimed she could not remember much from that day due to her alcohol and marijuana use. Although she testified that she recently ended her relationship with appellant, the People introduced recordings of jail calls indicating they were still involved romantically.

The People introduced D.V.'s interviews with responding officers from the morning appellant attacked her. During the interviews, D.V. stated that the evening prior appellant left her apartment after she broke up with him. When she went to sleep that

3.

evening, she left a window open. She awoke to appellant in her bedroom striking her in the head with an alcohol bottle. Appellant then got on top of D.V. and choked her with his right hand for approximately one minute, then struck her in the head with a closed fist three to four times. At some point during the attack, appellant told D.V., "I'm going to beat your ass again. You got me fucked up in prison." D.V. believed appellant was going to kill her. Appellant eventually got off D.V., picked up her purse and cell phone, and left the apartment. The purse contained D.V.'s California identification card, bank cards, $80 in cash, and an employee badge and timecard for her job. D.V. followed appellant out of the apartment, down the stairs, and to the driveway, where she tried to grab her purse and cell phone from appellant. Appellant kicked D.V. in the ribs and pushed her to the ground before leaving. Appellant also told D.V. he was not going to return her belongings and that she was going to lose her job.

Several days later, appellant gave D.V.'s purse to his cousin and asked her to return it to D.V. D.V. met with the cousin and recovered her purse. She never recovered the cell phone or the contents of her purse.

Appellant testified in his own defense. He claimed that on the morning in question he was with another woman in a different city and never saw D.V.

## DISCUSSION

### I. The matter must be remanded for resentencing in light of newly enacted Assembly Bill No. 124.

In supplemental briefing, appellant contends remand and resentencing are required pursuant to three legislative enactments that became effective while this appeal was pending: Assembly Bill No. 124 (2021-2022 Reg. Sess.), Assembly Bill No. 518 (2021-2022 Reg. Sess.), and Senate Bill No. 567 (2021-2022 Reg. Sess.). Assembly Bill No. 124 amended section 1170 to create a presumption in favor of the lower term if, inter alia, the defendant was "a youth as defined under subdivision (b) of [s]ection 1016.7 at the time of the commission of the offense." (§ 1170, subd. (b)(6)(B).) Senate Bill No. 567

4.

amended section 1170 such that the trial court may only impose the aggravated term where aggravating circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt at a jury or court trial. (§ 1170, subd. (b)(1) & (2).) Assembly Bill No. 518 amended section 654 to give trial courts discretion not to impose the provision providing for the longest term of imprisonment. (§ 654, subd. (a).)

Respondent concedes the enactments apply retroactively to this case, as it was not final on appeal before the enactments became effective on January 1, 2022. (See *In re Estrada* (1965) 63 Cal.2d 740.) We agree. We assume, absent evidence to the contrary, that an amendatory statute "mitigat[ing] the possible punishment for a class of persons" is "presumptively retroactive and applie[s] to all persons whose judgments [are] not yet final at the time the statute [takes] effect." (*People v. Frahs* (2020) 9 Cal.5th 618, 624.)

Respondent also concedes remand is warranted in light of Assembly Bill No. 124 because appellant was 23 years old at the time of the offense. We agree with appellant that remand is appropriate so the trial court may fully resentence defendant anew, incorporating the new legislative changes. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893; *People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425 ["[T]he full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant."].) We therefore accept respondent's concession, vacate appellant's sentence, and remand the matter for a full resentencing. We express no view as to how the trial court should exercise its discretion on remand.

Because we have determined the matter must be remanded in light of Assembly Bill No. 124, we need not address whether remand would be similarly compelled by Assembly Bill No. 518 or Senate Bill No. 567. However, because Assembly Bill No. 518 and Senate Bill No. 567 apply retroactively, the trial court must incorporate these legislative changes when resentencing appellant.

**II. We need not address appellant's claim regarding the imposition of fees because the trial court must conduct a full resentencing.**

Appellant claims the trial court violated his rights to due process and equal protection by imposing a court operations fee (§ 1465.8) and a court facilities fee (Gov. Code, § 70373). (See *People v. Dueñas* (2019) 30 Cal.App.5th 1157.) We conclude this claim is moot because we have already determined this matter must be remanded for appellant to be fully resentenced. If appellant so chooses, he may address these claim in the trial court on remand.

**III. We need not address appellant's section 654 claims because the trial court must conduct a full resentencing.**

Appellant contends his sentences for corporal injury and criminal threats must be stayed pursuant to section 654, because the robbery, corporal injury, and criminal threats involved the same victim and were part of the same continuous course of conduct against the same victim. He further contends he acted with the same motive in all three offenses; to retaliate against D.V. for her role in putting him in prison.

At sentencing, appellant's counsel requested the court impose concurrent sentences but did not ask the court to stay any part of his sentence pursuant to section 654. While the trial court stayed count 3 pursuant to section 654, it made no express findings with respect to section 654's applicability as to any other count.

We conclude appellant's section 654 claims are moot because appellant must be fully resentenced. At resentencing, the trial court is directed to articulate its findings on the record with respect to the applicability of section 654 as to each count.

**DISPOSITION**

Appellant's sentence is vacated and the matter is remanded for resentencing consistent with section 1170, as amended by Assembly Bill No. 124 (2021-2022 Reg. Sess.) and Senate Bill No. 567 (2021-2022 Reg. Sess.), and section 654, as amended by Assembly Bill No. 518 (2021-2022 Reg. Sess.). Following resentencing, the court shall

forward a new abstract of judgment to the appropriate authorities.  In all other respects, appellant's judgment is affirmed.

LEVY, Acting P. J.

WE CONCUR:


DETJEN, J.


SNAUFFER, J.