Filed 8/16/22  P. v. Wealth CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B313713 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA462465) |
| v. | |
| SHEBETH WEALTH, | |
| Defendant and Appellant. | |

APPEAL from the judgment of the Superior Court of Los Angeles County.  Curtis B. Rappe, Judge.  Affirmed in part, reversed in part and remanded with directions.

Jason Szydlik, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, William H. Shin, Steven D. Matthews, Michael J. Wise and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In May 2017, defendant and appellant Shebeth Wealth assaulted a social worker during a visit with her minor son and then fled with him. She was arrested later that night at her home, and her son was returned to the custody of the Los Angeles County Department of Children and Family Services. Defendant was charged with kidnapping (Pen. Code, § 207, subd. (a)), child detention (§ 278.5), and assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4)). An allegation of great bodily injury was also alleged (§ 12022.7, subd. (a)). After a jury trial, defendant was convicted of all charges and sentenced to nine years in prison.

In our original unpublished decision, we reversed the three-year sentence on the great bodily injury enhancement, remanded for a new sentencing hearing and otherwise affirmed defendant's conviction. Our original decision further concluded Penal Code section 1001.36, enacted in June 2018, did not apply retroactively. (*People v. Wealth* (Nov. 26, 2019; B294035) [nonpub. opn.].)

Defendant filed a petition for review with the Supreme Court. The Supreme Court granted review and deferred further consideration of the matter pending its disposition in *People v. Frahs* (2020) 9 Cal.5th 618. After issuance of the *Frahs* decision in which it concluded Penal Code section 1001.36 applies retroactively to cases not yet final on appeal, the Supreme Court transferred the matter back to our court with directions to vacate our original decision and reconsider the cause in light of *Frahs*.

After reconsidering the parties' arguments in light of *Frahs*, we again affirmed defendant's conviction and concluded defendant forfeited her right to seek mental health diversion since Penal Code section 1001.36 took effect several months before defendant's original sentencing in October 2018, but she did not make any request for diversion in the trial court. (*People*

*v. Wealth* (Oct. 21, 2020; B294035) [nonpub. opn.].)  We again reversed the three-year sentence on the great bodily injury enhancement and remanded for a new sentencing hearing. (*Ibid*.)

The resentencing hearing was held on June 11, 2021. Defendant was present and represented by counsel.  At the start of the hearing, defendant withdrew her request for mental health diversion.  After hearing arguments from counsel, the court sentenced defendant to seven years eight months calculated as follows:  a five-year midterm on the kidnapping count, a consecutive eight-month term on the child detention count, a consecutive one-year term on the assault count, plus an additional one-year term for the bodily injury enhancement.

A restitution hearing was held on June 25, 2021.  The court ordered defendant to pay restitution in the amount of $11,567.93.

Defendant filed notices of appeal from both the resentencing hearing and the restitution hearing. We consolidated both appeals under case No. B313713. We also grant defendant's request to take judicial notice of our prior decisions and the prior appellate record.

While this appeal was pending, the Governor signed Senate Bill 567 (2021–2022 Reg. Sess.) and Assembly Bill 124 (2021–2022 Reg. Sess.).  Both acts, which became effective January 1, 2022, made changes to the law under which defendant was sentenced.

## DISCUSSION

We agree with the parties the changes effected by Senate Bill 567 and Assembly Bill 124 apply retroactively to defendant's case as they are ameliorative in nature and therefore apply to all nonfinal appeals.  (*People v. Brown* (2012) 54 Cal.4th 314, 323 [discussing rule of *In re Estrada* (1965) 63 Cal.2d 740]; see also *People v. Banner* (2022) 77 Cal.App.5th 226, 240 [concluding

Assem. Bill 124 applies retroactively to all nonfinal appeals]; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1038–1040 [concluding the same as to Sen. Bill 567].)

Assembly Bill 124 and Senate Bill 567 made several fundamental changes to our determinate sentencing laws.) As relevant here, Assembly Bill 124 created a presumption in favor of a low term where the court finds the defendant "has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence" that contributed to the commission of the offense. (Stats. 2021, ch. 695, § 5.) Penal Code section 1170, subdivision (b)(6) now provides that "[n]otwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence." (Stats. 2021, ch. 731, § 1.3.)

The People contend nothing in the record shows defendant suffered trauma that was a contributing factor in the kidnapping and assault. But there was no reason for defendant to have offered any such evidence before these amendments were enacted. Defendant contends the record shows she reported to the Department of Corrections and Rehabilitation that she was placed in multiple foster homes beginning at the age of 14 after her mother was committed to a mental hospital. We cannot rule out the possibility that defendant could demonstrate the type of neglect or trauma contemplated by the new legislation.

4

Moreover, there is nothing in the record that clearly indicates remand would be futile. The trial court should be given the opportunity to exercise its discretion anew in light of the amendments to Penal Code section 1170.

On remand, the trial court may revisit all of its sentencing choices in light of the new legislation. (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425 ["the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"]; accord, *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "].)

## DISPOSITION

The sentence is reversed in its entirety and the case is remanded to the superior court for resentencing. At the new sentencing hearing, the court may reconsider all of its sentencing choices in light of the amendments to Penal Code section 1170. Defendant has the right to be present and to be represented by counsel. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 34–35.)

In all other respects, the judgment of conviction is affirmed.

GRIMES, J.

WE CONCUR:

STRATTON, P. J.        HARUTUNIAN, J.[*]

---

[*] Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.