Filed 8/26/22  P. v. Trujillo CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B315941 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA147650) |
| v. | |
| JIMMY RAY TRUJILLO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Debra Cole-Hall, Judge. Reversed and remanded with directions.

Micah Reyner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Jimmy Ray Trujillo appeals the judgment entered following a jury trial in which he was convicted of shooting at an occupied vehicle (Pen. Code,[1] § 246; count 2) and assault with a firearm (§ 245, subd. (a)(2); count 3).[2] At sentencing, the trial court noted appellant's prior convictions and criminal history as detailed in the probation report and sentenced appellant to the upper term of seven years in state prison on count 2, and pursuant to section 654, the court imposed and stayed a term of five years on count 3. Appellant filed a timely notice of appeal.

On January 1, 2022, while this appeal was pending, two amendments to the Penal Code regarding sentencing took effect. Senate Bill No. 567 amended section 1170, subdivision (b) in two ways: First, it makes the middle term the presumptive term except when circumstances in aggravation justify imposition of the upper term *and* "the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."[3] (§ 1170, subd. (b)(1) & (2), as amended by Sen. Bill No. 567 (2021–2022 Reg. Sess.); Stats. 2021, ch. 731, § 1.3.) Second, if any of certain specified circumstances was "a

---

[1] Undesignated statutory references are to the Penal Code.

[2] Prior to trial, the trial court granted the prosecution's motion to dismiss the prior serious felony conviction (§§ 667, subds. (a)(1), (d), 1170.12, subd. (b)) and prior prison term allegations (§ 667.5, subd. (b)), as well a firearm enhancement allegation (§ 12022.5).

[3] However, "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

contributing factor in the commission of the offense," the court must impose the lower term unless the court finds aggravating circumstances outweigh the mitigating circumstances such that imposition of the lower term would be contrary to the interests of justice. (§ 1170, subd. (b)(6), added by Sen. Bill No. 567 (2121–2022 Reg. Sess.); Stats. 2021, ch. 731, § 1.3.)

Assembly Bill No. 518 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 441, § 1) amended section 654 by removing the requirement that a trial court must impose sentence under the provision of law providing for the longest term of imprisonment and granting the trial court discretion to impose punishment under any applicable provision of law.

Appellant contends and the People agree that appellant's case should be remanded for resentencing to permit the trial court to reconsider appellant's sentence in light of the recent amendments to sections 1170 and 654. We agree and remand the matter for resentencing.

## FACTUAL BACKGROUND

On May 1, 2018, Stephen Rodriguez was sitting in his car in his driveway when a silver car pulled up in the middle of the street and someone in the car fired shots toward Rodriguez. The shooter had a small handgun that was "probably" black. Rodriguez was not struck by any bullets, and after the shooter drove away, Rodriguez went to a friend's house. The friend called 911, and Rodriguez spoke to a 911 operator.

Rodriguez and appellant had been friends, but their friendship had become strained because of issues relating to appellant's employment, appellant's relationship with his wife, and his wife's threats to have sex with Rodriguez. Rodriguez recalled that appellant drove a silver Chevy at the time of the

3

shooting. The day before the shooting, Rodriguez had become angry with appellant over appellant's refusal to return a piece of exercise equipment that belonged to Rodriguez. Appellant and Rodriguez exchanged angry text messages before and after the shooting.

Appellant was arrested the day after the shooting. Appellant's car was impounded, and particles consistent with gunshot residue were found in the car. Police also seized appellant's cell phone from his pocket at his arrest. Photographs on the phone from April 2018 showed appellant holding a black handgun. The phone's Internet search history showed that in the hours after the shooting, a search was made for the phrase "if you shoot a gun at someone, but miss, what will you be charged with[?]" Another search accessed a Web site containing the text, "nine things you may not know about assault with a deadly weapon, Penal Code 245(a)(1)."

Rodriguez identified appellant from a photo line-up as the shooter and identified a photo of appellant's car as that of the shooter.

## DISCUSSION

### Remand for Resentencing Is Necessary to Permit the Trial Court to Reconsider Appellant's Sentence in Light of the Recent Amendments to Penal Code Sections 1170 and 654

We agree with the parties that appellant, whose judgment is not yet final, is entitled to retroactive application of the ameliorative changes to sections 1170 and 654 that took effect pursuant to Senate Bill No. 567 and Assembly Bill No. 518 on January 1, 2022. (*People v. Flores* (2022) 73 Cal.App.5th 1032,

4

1039 ["The People correctly concede the amended version of section 1170, subdivision (b) that became effective on January 1, 2022, applies retroactively in this case as an ameliorative change in the law applicable to all nonfinal convictions on appeal"]; *People v. Mani* (2022) 74 Cal.App.5th 343, 379 ["Because Assembly Bill 518 was enacted while defendant's appeal was not yet final and it provides the trial court new discretion to impose a lower sentence, defendant is entitled to its ameliorative benefit"]; see *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 308.)

Appellant's upper term sentence on count 2 is inconsistent with the amendments to section 1170, subdivision (b) because there is no indication in the record that the aggravating circumstances were proved to a jury beyond a reasonable doubt, admitted by appellant, or were circumstances relating to appellant's prior convictions based on a certified record of convictions. (§ 1170, subd. (b)(1), (2) & (3).) Indeed, it appears that the trial court's consideration of appellant's prior criminal history was based on its review of the probation report, not on certified records of conviction. In addition, based on the newly added provisions in section 1170, subdivision (b)(6), appellant's counsel may be able to argue different factors in mitigation that would require imposition of the lower term on count 2.

Remand is therefore appropriate in this case to permit the trial court to resentence appellant in accordance with Senate Bill No. 567's amendments to section 1170 as well as the changes to section 654 effected by Assembly Bill No. 518. (*People v. Jones* (2022) 79 Cal.App.5th 37, 45 (*Jones*).)

On remand, the trial court must fully resentence appellant on all counts in accordance with the full resentencing rule described by our Supreme Court in *People v. Buycks* (2018) 5

Cal.5th 857. The full resentencing rule directs that "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*Buycks*, at p. 893.) "As more commonly applied, the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant." (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425; *Buycks*, at p. 893.) This includes "revisiting such decisions as the selection of a principal term, whether to stay a sentence, whether to impose an upper, middle, or lower term, and whether to impose concurrent or consecutive sentences." (*Jones, supra,* 79 Cal.App.5th at p. 46; *Valenzuela,* at p. 425.)

## DISPOSITION

The judgment is reversed and the matter is remanded for resentencing.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


CHAVEZ, J.


HOFFSTADT, J.