Filed 10/28/22  P. v. Arthur CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095313 |
| Plaintiff and Respondent, | (Super. Ct. No. 20FE003116) |
| v. | |
| MICHAEL DWAINE ARTHUR, | |
| Defendant and Appellant. | |

Defendant Michael Dwaine Arthur was sentenced to the middle term of two years for possession of methamphetamine for sale doubled to four years for a prior strike conviction.  On appeal, defendant contends his sentence should be vacated and the case remanded for resentencing under the amendments to Penal Code[1] section 1170, subdivision (b) by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3).  The People concede remand is appropriate.

---

[1]     Further undesignated section references are to the Penal Code.

We agree and therefore vacate defendant's sentence and remand for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

At defendant's trial, a police officer testified to finding methamphetamine and other drug paraphernalia in defendant's car and home on February 14, 2020. The jury found defendant guilty of the sole charge of possession of methamphetamine for sale. Defendant waived a jury trial on his prior conviction and admitted one prior strike offense.

The probation report listed defendant's prior convictions and noted defendant has "a prosthetic right leg as a result of a[n] . . . infection he suffered while incarcerated in jail in 2015." The report recommended the middle term based on two factors in aggravation—numerous adult convictions of increasing seriousness and defendant was on probation and parole when the crime was committed—and no factors in mitigation.

On December 3, 2021, the trial court held the sentencing hearing. Defendant asked to be admitted to a drug treatment program, saying he had a drug problem and all of his crimes were linked to that, adding: "I have a prosthetic. I'm not doing any running." The trial court agreed defendant's criminal behavior "is all connected to [his] drug use." The trial court also noted his criminal history included "seven prior trips to state prison, three convictions for drug trafficking, six separate misdemeanor cases, [and] two strike priors." Relying on this criminal history, the trial court imposed the middle term of two years, doubled to four for the prior strike.

## DISCUSSION

Defendant argues Senate Bill No. 567's modifications to section 1170 require remand for resentencing because the loss of his leg is physical trauma that could have contributed to the offense, requiring the trial court to impose the lower term. The People agree remand is appropriate to allow the trial court to reconsider defendant's sentence in light of the new standards under Senate Bill No. 567.

2

At the time of defendant's sentencing, section 1170 left the selection of the appropriate term in a triad "within the sound discretion of the court." (Former § 1170, subd. (b).) On January 1, 2022, while this appeal was pending, Senate Bill No. 567 (2021-2022 Reg. Sess.) became effective and made several changes to section 1170. (Stats. 2021, ch. 731, § 1.3.) Relevant here, trial courts must now impose the lower term in a triad, unless contrary to the interests of justice, if certain circumstances were a contributing factor in the commission of the offense, including if the defendant "has experienced psychological, physical, or childhood trauma." (§ 1170, subd. (b)(6)(A).) But trial courts still have the discretion to impose the lower term even if there is no evidence of these circumstances. (§ 1170, subd. (b)(7).) These ameliorative changes to section 1170 apply retroactively to defendant's nonfinal conviction. (*People v. Garcia* (2022) 76 Cal.App.5th 887, 902; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

The probation report indicated defendant's leg was amputated prior to him committing the present offense. Defendant also mentioned this at the sentencing hearing. Though there is no evidence in the record this physical trauma was a contributing factor in defendant's offense, neither defendant nor the trial court had a meaningful incentive to assess such a determination at the sentencing hearing held prior to Senate Bill No. 567's implementation. (See *People v. Gerson* (2022) 80 Cal.App.5th 1067, 1096 ["the trial court had no statutory reason to make, and Gerson had no reason to seek, a finding that past psychological or physical trauma was a contributing factor to his commission of any of his offenses"].) Thus, remand is appropriate unless " 'the record "clearly indicate[s]" that the trial court would have reached the same conclusion' under the law as it now exists." (*People v. Banner* (2022) 77 Cal.App.5th 226, 242.) This we cannot conclude.

A trial court may now depart from the lower term only if it finds "the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).) Though the trial court here relied exclusively on defendant's prior criminal history to impose the

3

middle term, it did not, because it needed not, consider defendant's past physical trauma as a potential mitigating factor. This creates uncertainty as to whether the trial court would still have imposed the middle term. And "even if the trial court were to find no evidence that the circumstances listed in paragraph (6) are present, it nonetheless retains discretion to impose the lower term." (*People v. Gerson*, *supra*, 80 Cal.App.5th at p. 1096.)

We therefore vacate defendant's sentence and remand for a full resentencing to incorporate the legislative changes. (See *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 ["the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"].)

DISPOSITION

Defendant's sentence is vacated, and the case is remanded to the trial court for resentencing under the amended version of section 1170, subdivision (b). The judgment is otherwise affirmed.

/s/_____,
Robie, Acting P. J.

We concur:

/s/_____,
Hull, J.

/s/_____,
Duarte, J.