Filed 2/24/23  P. v. Cole CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C094724 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-176724) |
| v. | |
| TYLER LeRAY COLE, | |
| Defendant and Appellant. | |

A jury found defendant Tyler LeRay Cole guilty of assault by means of force likely to produce great bodily injury, willful infliction of corporal injury resulting in a traumatic condition on a victim with whom defendant had a dating relationship and a child, and dissuading a witness or victim from prosecuting a crime.  The trial court sentenced defendant to the upper term of four years on the willful infliction of corporal injury count and a consecutive term of two years on the dissuading a witness or victim count, and imposed and stayed the upper term of four years for assault by means of force likely to produce great bodily injury.

1

On appeal, defendant asserts he is entitled to resentencing as a result of changes made to Penal Code section 1170[1] by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731), which, he asserts, operates retroactively. Defendant further asserts that failure to retroactively apply Senate Bill No. 567 would violate equal protection principles and that the sentence imposed on the charge of dissuading a witness or victim was unlawful because the trial court was unaware of its discretion pursuant to section 1170.15 to impose a concurrent term. The Attorney General concedes defendant is entitled to resentencing based on Senate Bill No. 567, and we agree. Accordingly, we shall remand for full resentencing. As a result, we need not address defendant's other contentions.

## FACTUAL AND PROCEDURAL BACKGROUND

The prosecution charged defendant in an information with assault with a deadly weapon (§ 245, subd. (a)(1); count one), assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count two), willful infliction of corporal injury resulting in a traumatic condition on a victim with whom defendant had a dating relationship and a child (§ 273.5, subd. (a); count three), and dissuading a witness or victim from prosecuting a crime (§ 136.1, subd. (b)(2); count four). The information further alleged defendant had sustained a prior serious felony conviction within the meaning of section 667, subdivision (a)(1), and that he had sustained a prior serious or violent felony conviction within the meaning of sections 1170.12, subdivisions (a) through (d) and 667, subdivisions (b) through (i).

A detailed recitation of the underlying facts is not necessary to the resolution of this appeal, the following summary suffices. On the night of December 27, 2020, a motorist and his passenger came upon the victim on the side of the road. She claimed

---

[1] Further undesignated statutory references are to the Penal Code.

2

defendant, her boyfriend with whom she had a child, had choked her, was trying to kill her, and that he had tried to run her over. Deputy Daniel Cunningham of the Placer County Sheriff's Office spoke with the victim, who was upset and crying. She had bruising on her neck. She reported that she and defendant had argued, he pulled over his truck, and, after she got out, he chased her down, grabbed her by the neck, and choked her. He then threw her to the ground. At some point, defendant got into his truck and drove his truck at her. Deputy Cunningham also testified about jail calls between defendant and the victim. Defendant asked the victim to tell the district attorney she did not want to press charges. Defendant was 25 years old at the time of these offenses.

The jury found defendant guilty on counts two, three, and four. The jury found defendant not guilty on count one, assault with a deadly weapon (§ 245, subd. (a)(1)) and not guilty of simple assault (§ 240) as a lesser included offense of count one. Defendant admitted he had sustained a prior conviction of first degree residential burglary (§ 459), and the court found the prior conviction allegations in the information to be true.

The trial court granted defendant's motion to strike his strike prior. (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.) At sentencing, pursuant to section 1385, the trial court struck the section 667, subdivision (a)(1) prior serious felony enhancement. The trial court imposed an aggregate term of six years in state prison. The court imposed the upper term of four years on count three, willful infliction of corporal injury resulting in a traumatic condition. On count four, dissuading a witness or victim from prosecuting a crime, the court stated: "I am going to follow the law under . . . Section 1170.15, which mandates that the Court impose the middle term of two years to run fully consecutive to Count Three." On count two, assault by means of force likely to produce great bodily injury, the court imposed the upper term of four years and stayed execution of that term pursuant to section 654. The court suspended execution of the sentence and admitted defendant to formal probation for a term of four years.

3

**DISCUSSION**

A.  *Senate Bill No. 567*

During the pendency of this appeal, the Governor signed Senate Bill No. 567, effective January 1, 2022, which made changes to section 1170 affecting trial courts' sentencing discretion.  Defendant asserts Senate Bill No. 567's changes to section 1170 apply retroactively and mandate resentencing.  He points out that the changes under section 1170, subdivision (b) "require the court to impose the middle term of a sentencing triad unless (1) there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and (2) the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial, or certified records establishing the defendant's prior convictions," none of which, he claims, occurred here.  Defendant separately emphasizes he was under 26 years old at the time of the charged offenses, rendering him subject to the lower term sentencing set forth in section 1170, subdivision (b)(6)(B), also added by Senate Bill No. 567.[2]

The Attorney General concedes Senate Bill No. 567 applies retroactively, and that defendant is entitled to resentencing.  The Attorney General states "the record is clear that [defendant] was under the age of 26 at the time he committed the current offenses." The Attorney General continues:  "While the record is not well developed as to whether [defendant's] youth was an actual contributing factor to the charged offenses under section 1170, subdivision (b)(6), it is conceivably possible that it was, which could warrant imposition of the lower term under the amended statute."

---

[2]  This particular change was effected by Senate Bill No. 567 incorporating amendments to section 1170 made by Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, §§ 1.3, 3, subd. (c).)

4

We agree Senate Bill No. 567 "applies retroactively . . . as an ameliorative change in the law applicable to all nonfinal convictions on appeal." (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039; accord, *People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1109; see generally *In re Estrada* (1965) 63 Cal.2d 740.) Since defendant's case is not yet final, the changes in Senate Bill No. 567 apply retroactively to defendant.

B. *Section 1170, subdivision (b)(6)*

Insofar as relevant here, section 1170, subdivision (b)(6) provides: "Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] . . . [¶] (B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense." (§ 1170, subd. (b)(6).) Section 1016.7, subdivision (b) defines a " 'youth' " as "any person under 26 years of age on the date the offense was committed."

At the time of the charged crimes, defendant was 25 years old. As such, he was a youth within the meaning of sections 1016.7, subdivision (b) and 1170, subdivision (b)(6)(B). The record is not developed as to whether or not defendant's youth "was a contributing factor in the commission of the offense[s]." (§ 1170, subd. (b)(6).) Nor did the trial court have occasion at the time of sentencing to consider, in this particular context, whether "the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice." (*Ibid.*)

Accordingly, we shall remand for resentencing under section 1170 as amended by Senate Bill No. 567. (*People v. Flores, supra*, 73 Cal.App.5th at p. 1039 [where the defendant was under 26 at time of the crime, appropriate approach is to "remand to the trial court to decide under the newly amended law whether defendant is entitled to the lower term"].) Upon remand, the trial court shall conduct a full resentencing. (*People v.*

*Valenzuela* (2019) 7 Cal.5th 415, 424-425 ["full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"], citing *People v. Buycks* (2018) 5 Cal.5th 857, 893 & *People v. Navarro* (2007) 40 Cal.4th 668, 681.)

In light of our determination, we need not consider defendant's contentions addressed to equal protection, Senate Bill No. 567's amendments to section 1170, subdivision (b)(1) and (2), and the consecutive sentence the trial court imposed on count four pursuant to section 1170.15. The first of these contentions has been rendered moot. Defendant may raise the second and third contentions at resentencing.

## DISPOSITION

Defendant's sentence is vacated. We remand the matter for full resentencing. The judgment is otherwise affirmed.

_____/s/_____
EARL, J.

We concur:

_____/s/_____
DUARTE, Acting P. J.

_____/s/_____
KRAUSE, J.