Filed 3/20/23 P. v. Rodrigues CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROCK ANTHONY RODRIGUES,<br><br>Defendant and Appellant. | F084141, F084155, F084156<br><br>(Super. Ct. Nos. MCR066482, MCR063615B, & MCR066445)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Madera County. Ernest J. LiCalsi, Judge.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and John W. Powell, Deputy Attorney Generals, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

On August 14, 2020, in case No. MCR066445, defendant Rock Anthony Rodrigues entered a plea of guilty to attempted carjacking (Pen. Code, §§ 215, subd. (a),

664; count 2)[1] and admitted both a firearm (§ 12022.53, subd. (b)) and great bodily injury enhancement (§ 12022.7, subd. (a)). In case No. MCR066482, defendant entered a plea of guilty to felony evading (Veh. Code, § 2800.2, subd. (a); count 1). He also admitted a violation of probation in case No. MCR063615B. As part of the plea agreement, the trial court imposed the aggravated term in case No. MCR066445, for a total sentence of 17 years 6 months, with two consecutive eight-month terms in case Nos. MCR066482 and MCR063615B. The total agreed upon aggregate term was 18 years 10 months.

On March 21, 2022, in case No. MCR066445, the trial court, consistent with section 1170, subdivision (b)(1), imposed the middle term of two years six months, with a consecutive 10-year term for the firearm enhancement (§ 12022.53, subd. (b)) and a consecutive three-year term for the great bodily injury enhancement (§ 12022.7, subd. (a)). The trial court also imposed two consecutive eight-month sentences for case Nos. MCR066482 and MCR063615B. In case No. MCR063615B, the trial court imposed $890 in fines and fees. Further, in case No. MCR066445, the trial court imposed a $750 presentence report fee. The total aggregate sentence imposed was 16 years 10 months.

On appeal, defendant contends: (1) the recent changes to our sentencing scheme, as amended by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567), Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Assembly Bill 124), and Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Assembly Bill 1540), requires resentencing consistent with these recent amendments; and (2) in light of Assembly Bill No. 1869 (2019-2020 Reg. Sess.) (Assembly Bill 1869), this case should be remanded for the trial court to clarify the $890 in fines and fees imposed in case No. MCR063615B.

---

[1] All further references are to the Penal Code, unless otherwise stated.

We conclude defendant is entitled to be resentenced consistent with the changes to section 1170, and impose only the correct assessments, fines, and fees permitted by law. Therefore, we vacate the sentence and remand for resentencing.

<h1 style="text-align:center">STATEMENT OF CASE</h1>

On March 21, 2022, defendant was sentenced on three separate cases filed in the Madera Superior Court: MCR066445, MCR063615B, and MCR066482.[2] Defendant was sentenced in these three cases to a total aggregate term of 16 years 10 months. We discuss defendant's three separate cases in more detail below.

## I.    MCR066445

On August 12, 2020, the Madera County District Attorney filed a first amended criminal complaint charging defendant with assault with a semiautomatic firearm (§ 245, subd. (b); count 1); attempted carjacking (§§ 215, subd. (a), 664; count 2); and unlawful possession of a firearm by a felon (§ 29800, subd. (a)(1); count 3). As to counts 1 and 2, it was further alleged defendant personally used a firearm during the commission of the offenses (§§ 12022.5, subd. (a), 12022.53, subd. (b)) and that he inflicted great bodily injury upon the victim (§ 12022.7, subd. (a)).

## II.    MCR063615B

On July 19, 2019, the Madera County District Attorney filed a first amended criminal complaint charging defendant with a single count of first degree burglary (§§ 459, 460, subd. (a); count 1). On July 25, 2019, defendant pled guilty to an amended second degree burglary (§§ 459, 460, subd. (b); count 1), and was subsequently granted felony probation. On May 21, 2020, probation filed a petition for revocation of probation

---

[2]    Subsequently, defendant filed three separate appeals, which were assigned case Nos. F084155, F084156, and F084141, respectively. Defendant then filed a motion with this court to consolidate the three separate appeals into a single case number for briefing purposes. On June 8, 2022, this court granted defendant's request for consolidation and ordered the three appeals consolidated under case No. F084141.

alleging numerous law violations, and defendant subsequently acknowledged receipt of the petition.

### III. MCR066482

On June 4, 2020, the Madera County District Attorney filed a criminal complaint charging defendant with felony evading (Veh. Code, § 2800.2, subd. (a); count 1); displaying false evidence of registration of a vehicle (Veh. Code, § 4462.5; count 2); and resisting a peace officer (§ 148, subd. (a)(1); count 3).

### IV. Plea Agreement and Sentencing

On August 14, 2020, in case No. MCR066445, defendant entered a plea of guilty to count 2, attempted carjacking (§§ 215, subd. (a), 664), and admitted the allegations he used a firearm during the commission of the offense (§ 12022.53, subd. (b)) and inflicted great bodily injury on the victim (§ 12022.7, subd. (a)). In case No. MCR066482, defendant entered a plea of guilty to felony evading (Veh. Code, § 2800.2, subd. (a)), and admitted a violation of probation in case No. MCR063615B.[3] In case No. MCR066445, the plea agreement stated the maximum sentence that could be imposed was 17 years 6 months, with two additional consecutive sentences to be imposed in case Nos. MCR066482 and MCR063615B, for a total aggregate term of 18 years 10 months.[4]

On March 21, 2022, during defendant's sentencing, the relevant exchange occurred between the trial court, trial counsel, and the prosecutor:

> "[PROSECUTOR]: Your Honor, so this defendant plead quite some time ago to the aggravated term and so the People would be asking for a, I guess, an admission or waiver of the factors in aggravation.

---

[3] As a part of the plea agreement, case No. MCR066455A was dismissed.

[4] There is dispute as to whether defendant agreed to a "stipulated sentence" as part of the plea agreement or whether the agreement stated a "maximum sentence" that could be imposed by the trial court. Regardless, as we discuss further below, even if defendant agreed to a "stipulated sentence," he is still entitled to resentencing because the recent amendments to section 1170 apply to stipulated sentences.

4.

"[DEFENSE COUNSEL]: We are not making any waivers. We basically just either be sentenced on what he wanted or to withdraw his pleas.

"THE COURT: All right. Well – [¶] [Prosecutor], I only have two options: You can ask me to reject the plea bargain at this time or I can sentence him to the median term. It is a plea bargain for 17 years, 6 months. [¶] … [¶]

"[PROSECUTOR]: … So I have the terms of the original plea agreement that he plead to the attempted 215 for the aggravated. That case, let's see, he admitted the [1]2022.53 sub (b) allegation and admitted the GBI enhancement for 17 years, 6 months.

"THE COURT: Right.

"[PROSECUTOR]: Then he also admitted 482 for eight months consecutive.

"THE COURT: And an open admission for a total of 18 years and 2 months.

"[PROSECUTOR]: I have 18 years, 8 months.

"THE COURT: Okay.

"Let me see here. That's what – I'm just going off what the …

"[PROSECUTOR]: And I think the 18 years, 8 months, does not include the VOP admission because –

"THE COURT: You're right. You're right. So the total was 18 years, 10 months.

"[PROSECUTOR]: 18 years, 10 months.

"Okay.

"[DEFENSE COUNSEL]: May I respond?

"THE COURT: That is the agreement. The fact of the matter is that I can't impose the aggravated term though.

"So, [prosecutor], you want me to impose the middle term or you want me to reject the plea?

5.

"[PROSECUTOR]: No, the middle term is fine. I just wanted to make sure that the rest of it was clear."

In case No. MCR066445, the trial court sentenced defendant on count 2 (§§ 215, subd. (a), 664) to the middle term of two years six months, and imposed a 10-year consecutive term for the firearm enhancement (§ 12022.53, subd. (b)) and a three-year consecutive term for the great bodily injury enhancement (§ 12022.7, subd. (a)). In case Nos. MCR066482 and MCR063615B, the trial court sentenced defendant to two consecutive eight-month terms (one-third the middle term of three years). Additionally, as to case No. MCR063615B, the trial court imposed $890 in fines and fees[5] pursuant to section 672. The total aggregate term imposed was 16 years 10 months.

## DISCUSSION[6]

### I. Defendant is Entitled to Resentencing

On appeal, defendant contends the recent amendments to section 1170 apply to his case and thus he is entitled to be resentenced consistent with these changes. We agree.

#### A. Applicable Law

Prior to Senate Bill 567, section 1170, subdivision (b) provided as follows:

"When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court. At least four days prior to the time set for imposition of judgment, either party or the victim, or the family of

---

[5] The fines and fees imposed consisted of the following:

-$200 base fine
-$340 state and local penalty assessment (§ 1464; Gov. Code, § 76000)
-$40 criminal surcharge (§ 1465.7)
-$100 state court facility charge (Gov. Code, § 70372, subd. (a))
-$40 court operations assessment (§ 1465.8, subd. (a)) ($40 per convicted charge)
-$100 DNA penalty assessment (Gov. Code, §§ 76104.6, 76104.7)
-$40 EMS (Gov. Code, § 76000.5)
-$30 criminal conviction assessment (Gov. Code, § 70373) ($30 per convicted charge)

[6] The underlying facts of the case are irrelevant to our resolution of the issues presented on appeal. We therefore will not summarize the facts.

the victim if the victim is deceased, may submit a statement in aggravation or mitigation. In determining the appropriate term, the court may consider the record in the case, the probation officer's report, other reports, including reports received pursuant to [s]ection 1203.03, and statements in aggravation or mitigation submitted by the prosecution, the defendant, or the victim, or the family of the victim if the victim is deceased, and any further evidence introduced at the sentencing hearing. The court shall select the term which, in the court's discretion, best serves the interests of justice. The court shall set forth on the record the reasons for imposing the term selected and the court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law. A term of imprisonment shall not be specified if imposition of sentence is suspended." (Former § 1170, subd. (b).)

As amended effective January 1, 2022, section 1170, subdivision (b) provides in relevant part, "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term." (§ 1170, subd. (b)(1).) "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term … exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id.*, subd. (b)(2).)

Further, Assembly Bill 124 sets a presumption the trial court will impose the lower term under enumerated circumstances, such as where an offender's childhood trauma or youth were contributing factors in the offense. The legislation added subdivision (b)(6) to section 1170 that reads as follows:

"(6) Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense:

"(A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence.

7.

"(B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense.

"(C) Prior to the instant offense, or at the time of the commission of the offense, the person is or was a victim of intimate partner violence or human trafficking." (§ 1170, subd. (b)(6); Stats 2021, ch. 695, § 5.1, eff. Jan. 1, 2022.)

Section 1016.7, subdivision (b), states: "A 'youth' for purposes of this section includes any person under 26 years of age on the date the offense was committed."

Lastly, Assembly Bill 1540, which became effective January 1, 2022, clarified the Legislature's intent regarding procedural requirements and the provision's application to "ameliorative laws … that reduce sentences or provide for judicial discretion, regardless of the date of the offense or conviction." (Stats. 2021, ch. 719, § 1(i).) Specifically, when the California Department of Corrections and Rehabilitation recommends recall and resentencing, the trial court is also now required to hold a hearing (unless the parties otherwise stipulate), state on the record its reasons for its decision, provide notice to the defendant, and appoint counsel for the defendant. (§ 1172.1, subds. (a)(6)-(8), (b)(1).) Additionally, where a resentencing request is made, there is now a presumption in favor of recall and resentencing of the defendant, "which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety." (§ 1172.1, subd. (b)(2).)

## B. Analysis

Defendant contends this case must be remanded for resentencing under section 1170, subdivision (b)(6), which now requires a trial court to impose the lower term when certain conditions exist. Specifically, defendant argues his youth (20 years old) at the time of the offense entitles him to the benefit of these changes. We agree.

Section 1170, subdivision (b)(6), as amended by Assembly Bill 124, now requires the trial court to impose the lower term if a person's youth was a contributing factor in the commission of the offense, "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be

8.

contrary to the interests of justice." (§ 1170, subd. (b)(6).) Here, although the trial court noted the changes to section 1170, in that it could no longer impose the aggravated term as mandated by the plea bargain, it never addressed defendant's age, nor did it mention the presumption of a lower term. Under these circumstances, we will vacate defendant's sentence and remand for a full resentencing to give the trial court the opportunity to expressly consider defendant's youth and also, as appropriate, the possible application of section 1170, subdivision (b)(2) and (b)(3).

Nonetheless, the People argue the changes to section 1170 do not apply to this case, and therefore remand is not required, "[b]ecause the trial court sentenced [defendant] pursuant to a stipulated sentenced and lacked discretion to impose a lower term." Specifically, the People direct this court to the holding in *People v. Brooks* (2020) 58 Cal.App.5th 1099 (*Brooks*), reasoning that when a plea agreement stipulates that the upper term be imposed, the trial court exercise no discretion and may not make the finding required by section 1170, subdivision (b).[7] Defendant contends the record is unclear as to whether he entered into "a stipulated sentence or whether he had been advised it was likely he was going to receive the maximum term." As we discuss further below, even assuming defendant entered into a stipulated sentence as a part of the plea bargain, defendant is still entitled to the ameliorative changes to section 1170.

In *Brooks*, the defendant entered into a plea agreement to a 19-year 8-month sentence. (*Brooks*, *supra*, 58 Cal.App.5th at p. 1102.) The defendant petitioned the trial court to be resentenced, pursuant to recently enacted section 1170.91, subdivisions (a) and (b)(1), which, collectively required the trial court to consider specific mental health problems as circumstances in mitigation when sentencing military veterans and permitted military veterans with such problems to petition for a recall of sentence. (*Brooks*, at

---

[7] We do note our Supreme Court granted review on the issue of whether Senate Bill 567 applies retroactively to a defendant sentenced pursuant to a stipulated plea agreement. (*People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1057–1059, review granted Dec. 14, 2022, S277314.)

pp. 1102–1103; § 1170.91, subds. (a) & (b)(1); see § 1170.91 ["court shall consider the [identified] circumstance as a factor in mitigation when imposing a sentence"].) The trial court concluded that it had no power to resentence the defendant because his plea agreement provided for a stipulated term. (*Brooks*, at p. 1103.) The appellate court affirmed, concluding that section 1170.91 does not "extend[] to sentences based on final convictions by plea agreement specifying a stipulated imprisonment term." (*Brooks*, at p. 1106.) The court explained there was no "triad sentencing discretion to exercise" because the plea agreement specified the sentence to be imposed and, pursuant to section 1192.5, no other sentence could properly be imposed. (*Brooks*, at pp. 1106–1107.)

The *Brooks* court distinguished its case from *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*), where the court was required to apply a retroactive ameliorative change in the law that provided new discretion to dismiss an enhancement (see § 1385; *Brooks*, *supra*, 58 Cal.App.5th at p. 1107). In *Brooks*, however, section 1170.91 did not "grant the trial court unfettered discretion to reconsider an aspect of his sentence that would in turn affect his plea bargain. All it [did was] allow a court to take certain mitigating factors into account, and only insofar as the court is otherwise permitted to exercise discretion in the selection of a low, middle, or high term from within the applicable sentencing triad." (*Brooks*, at p. 1107.)

*Brooks* is not controlling here. Section 1170.91 does not parallel section 1170, subdivision (b)(1), (2), and (6). The amendment to section 1170, subdivision (b)(6) does not merely require the trial court to consider additional factors in reaching a determination; it states the "court *shall* order imposition of the lower term" if it concludes a defendant's age was a contributing factor in the commission of the offense. (§ 1170, subd. (b)(6), italics added.) Further, before imposing the middle term, the trial court is required to "find[] that the aggravating circumstances outweigh the mitigating circumstances." (*Ibid*.) The parties may stipulate to the existence of facts that support

10.

such a determination by negotiated plea agreement, but the trial court must still make the required determination.

Although the trial court reduced defendant's sentence to the middle term for count 2 in case No. MCR066445, in accordance with section 1170, subdivision (b)(1), it was still required to consider whether defendant's youth was a contributing factor in the commission of the offense, and before imposing the middle term, it was required to "find[] that the aggravating circumstances outweigh the mitigating circumstance" (§ 1170, subd. (b)(6)), which it did not do in this case. Accordingly, defendant's sentence does not meet the requirements of section 1170, subdivision (b)(6), as amended by Assembly Bill 124, and therefore must be vacated and remanded for resentencing.

On remand, if the trial court indicates "an inclination to exercise its discretion," the prosecutor could "agree to modify the bargain to reflect the downward departure in the sentence such exercise would entail. Barring such a modification agreement, 'the prosecutor is entitled to the same remedy as the defendant—withdrawal of assent to the plea agreement….' " (*Stamps*, *supra*, 9 Cal.5th at p. 707.) Our Supreme Court also noted the trial court "may withdraw its prior approval of the plea agreement." (*Id.* at p. 708.)

We do not address the merits of defendant's additional claims regarding the applicability of Senate Bill 567 and Assembly Bill 1540 to his sentence in light of our decision that remand is necessary under Assembly Bill 124. (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425 ["[T]he full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"]; accord, *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["the full resentencing rule"].)

## II. Fines and Fees

Defendant further contends the "$890 fine imposed by the court in case MCR063615B is somewhat unclear and not sufficiently specified such as to make the fines enforceable/collectable under Assembly Bill 1869" and therefore "the matter should

be remanded to the Superior Court to clarify those fines and any portion of those judgments imposing improper fines must be vacated." Because defendant is entitled to a full resentencing (see *People v. Valenzuela*, *supra*, 7 Cal.5th at pp. 424–425), we direct the trial court on remand to impose only the assessments, fines, and fees permitted by law.

### A.     Applicable Law

"Effective July 1, 2021, Assembly Bill 1869 'eliminate[d] the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and … eliminate[d] all outstanding debt incurred as a result of the imposition of [identified] administrative fees.' " (*People v. Greeley* (2021) 70 Cal.App.5th 609, 625, quoting Stats. 2020, ch. 92, § 2.) Specifically, Assembly Bill 1869 added Government Code section 6111, which provides: "On and after July 1, 2021, the unpaid balance of any court-imposed costs pursuant to Section 27712, subdivision (c) or (f) of Section 29550, and Sections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Gov. Code, § 6111, subd. (a).)

Further, Assembly Bill 1869 added section 1465.9, which provides: "The balance of any court-imposed costs pursuant to Section 987.4, subdivision (a) of Section 987.5, Sections 987.8, 1203, 1203.1e, 1203.016, 1203.018, 1203.1b, 1208.2, 1210.15, 1463.07, 3010.8, 4024.2, and 6266, as those sections read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (§ 1465.9, subd. (a).) Additionally, subdivision (b) of section 1465.9 provides: "On and after January 1, 2022 the balance of any court-imposed costs pursuant to Section 1001.15, 1001.16, 1001.90, 1202.4, 1203.1, 1203.1ab, 1203.1c, 1203.1m, 1203.4a, 1203.9, 1205, 1214.5, 2085.5, 2085.6, or 2085.7, as those sections read on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated."

**B.     Analysis**

Defendant contends the fines associated with case No. MCR063615B are unclear and not sufficiently specified as to make them enforceable. Further, the People raise issue with the trial court's imposition of the $750 presentence report fee imposed in case No. MCR066445. Specifically, the People state the $750 presentence report fee imposed pursuant to section 1203.1b is now unenforceable and uncollectible under section 1465.9, subdivision (a). Because defendant is entitled to a full resentencing (see *People v. Valenzuela*, *supra*, 7 Cal.5th at pp. 424–425), the trial court on remand should ensure that only the correct assessments, fines, and fees are imposed, and that it orally states what will be imposed.

Additionally, although not addressed by either party, defendant is entitled at the resentencing hearing to request a hearing and present evidence demonstrating his inability to pay the assessments, fines, and fees that are imposed or suspended. (*People v. Belloso* (2019) 42 Cal.App.5th 647, 662, review granted Mar. 11, 2020, S259755; *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1172–1173.)

## DISPOSITION

Defendant's sentence is vacated and this matter is remanded for resentencing consistent with this opinion.

DE SANTOS, J.

WE CONCUR:

PEÑA, Acting P. J.

SMITH, J.

13.