Filed 4/17/23  P. v. Aloe CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G060893 |
| v. | (Super. Ct. No. 13WF1563) |
| ALTON CHRISTOPHER ALOE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, David A. Hoffer, Judge.  Reversed and remanded.  Request for judicial notice granted.

Torres & Torres and Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Alan L. Amann, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \*

At a November 2021 resentencing hearing following a previous appeal, the trial court sentenced Alton Christopher Aloe to a determinate term of 13 years, followed by 14 years to life, on his convictions for attempted murder, assault with a firearm, and attempted vehicle burglary. The court imposed middle term sentences on Aloe's substantive offenses and middle and upper term sentences on a firearm enhancement. Aloe again appeals, this time asserting he is entitled to another resentencing as a result of recent amendments to Penal Code[1] section 1170, which, as amended, makes a low-term sentence presumptively appropriate when a defendant's "childhood trauma" is a "contributing factor" to the defendant's commission of an offense. (*Id.*, subd. (b)(6)(A).)

We agree that resentencing is necessary. Because section 1170, as amended, limits the trial court's discretion to impose the middle term if childhood trauma was a contributing factor to the commission of the crime, and because the record does not clearly indicate whether Aloe suffered childhood trauma or whether the court would have imposed the same sentence under the current statute, the matter must be remanded for another resentencing hearing. We otherwise affirm the judgment.

**FACTS**

As detailed in our previous opinion (*People v. Aloe* (Nov. 23, 2020, G056882) [nonpub. opn.]), late one evening in 2012, Aloe shot a man who had approached him while he was trying to break into a vehicle. An information charged Aloe with attempted premeditated murder (count 1), assault with a firearm (count 2), and

_____

[1]     All further undesignated statutory references are to this code.

2

attempted second degree vehicle burglary (count 3). The information also alleged various enhancements based on Aloe's use of a firearm causing great bodily injury (§§ 12022.5, subds. (a) & (d), 12022.53, subd. (d), 12022.7, subd. (a)), that Aloe had suffered two prior "strikes" under the Three Strikes law (§§ 667, subds. (d) & (e)(2)(A), 1170.12, subds. (b) & (c)(2)(A)), that Aloe had a prior serious felony (§ 667, subd. (a)(1)), and that Aloe had served three prior prison terms (§ 667.5, subd. (b)).

A jury found Aloe guilty of all charges and found the enhancements true. Aloe admitted the truth of his prior convictions. At sentencing, the trial court exercised its discretion under section 1385 to strike one of Aloe's prior strikes and granted the parties' joint motion to strike one of his prior prison term enhancements.

In September 2018, the trial court sentenced Aloe to a determinate term of 23 years, followed by 14 years to life, as follows: on count 1 for attempted murder, Aloe was sentenced to 14 years to life (doubling the middle term of seven years under the three strikes law) (§§ 664, subd. (a), 667, subds. (d) & (e)(1)), a consecutive term of 10 years (the upper term) on the enhancement for personally using a firearm (§ 12022.5, subd. (a)), and a consecutive term of three years on the enhancement for causing great bodily injury (§ 12022.7, subd. (a)), for a total sentence of 13 years determinate, plus 14 years to life in state prison. On count 2 for assault with a firearm, Aloe was sentenced to six years in prison (double the middle term of three years) (§ 245, subd. (a)(2)), plus a consecutive term of four years (the middle term) on the enhancement for personal use of a firearm (§ 12022.5, subds. (a), (d)), for a total sentence of 10 years, to be served concurrent to count 1. On count 3 for attempted vehicle burglary, Aloe was sentenced to two years (double the middle term of one year) (§§ 664, subd. (a), 459, 460, subd (b)), to be served concurrent to count 1. As for the section 667, subdivision (a) prior serious felony convictions, the court imposed five years on count 1 and an additional five years on count 2, both to be served consecutively for a total of ten years.

Aloe appealed, arguing his conviction must be reversed due to various alleged errors before and during trial. We rejected those contentions and affirmed his conviction in November 2020. However, we reversed the judgment for resentencing only and remanded the matter so the trial court could exercise its newly granted discretion on whether to strike prior serious felony enhancements under section 667, subdivision (a).

On remand, the trial court vacated Aloe's state prison priors as to counts 1 and 2, thereby reducing Aloe's sentence to a determinate term of 13 years and an indeterminate term of 14 years to life. Aloe again appealed.

## DISCUSSION

Aloe's sole contention on this appeal is that he is entitled to resentencing under recent amendments to section 1170, which now makes a low-term sentence presumptively appropriate when a defendant's "childhood trauma" is a "contributing factor" to the defendant's commission of an offense. (§ 1170, subd. (b)(6)(A).) We agree that resentencing is warranted.

When the trial court originally sentenced Aloe in September 2018, and when it resentenced him in November 2021 after his first appeal, selection of the appropriate term in a triad was "within the sound discretion of the court." (Former § 1170, subd. (b).) As noted, the trial court imposed middle term sentences on Aloe's substantive offenses and middle and upper term sentences on the personal use of a firearm enhancement.

In January 2022, while this appeal was pending, Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Assembly Bill 124) took effect and amended section 1170. As amended, section 1170, subdivision (b)(6)(A), now provides: "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the

4

commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence." In addition, subdivision (b)(7) permits a trial court to impose the lower term in its discretion, even if there is no evidence of the circumstances listed in subdivision (b)(6). As the Attorney General concedes, these changes to section 1170 are ameliorative and therefore apply retroactively to Aloe's nonfinal conviction. (*People v. Garcia* (2022) 76 Cal.App.5th 887, 902.)

Aloe asserts he is entitled to resentencing under the recent section 1170 amendments because the record suggests he suffered childhood trauma in the form of early exposure to and use of drugs and alcohol. According to Aloe, if the trial court determines that trauma contributed to his commission of the offenses, the lower terms "shall" be imposed.

Our record is not well developed in terms of whether Aloe sustained childhood trauma. The probation report, which was prepared in 2014, well before Assembly Bill 124 was introduced, briefly mentions that Aloe first tried alcohol at age 12 and occasionally used marijuana, cocaine, methamphetamine, ecstasy, and opiate pills as a teenager.

The incomplete record is understandable because, without the enactment of section 1170, subdivision (b)(6)(A), Aloe had no incentive to develop it further. Nor did the trial court have the benefit of the amended statute at the sentencing hearing so that it could conduct the required analysis.

When a trial court sentences a defendant without awareness of the full scope of its discretion, the appropriate remedy is to remand for resentencing. (*People v. Banner* (2022) 77 Cal.App.5th 226, 242 [remanding matter for resentencing under § 1170 where it was unclear if the court would have selected the middle term if Assembly Bill 124 had been in effect at the time of sentencing].) "'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.

5

[Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citation.] In such circumstances, [our Supreme Court has] held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.'" (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

At the November 2021 resentencing hearing, the trial court was unaware of the scope of its newly created discretionary powers, and the record does not clearly indicate whether the court would have reached the same conclusions if it were sentencing Aloe under the current statute. Accordingly, this matter must be remanded so that the parties may further develop the record for the court's consideration of the new section 1170 factors, and so the court can exercise its newly granted discretion under that section.

We express no view on whether childhood trauma did in fact contribute to Aloe's criminal offenses or on how the trial court should exercise its discretion. On remand, the trial court may revisit all of its sentencing choices in light of the new legislation. (*People v. Gerson* (2022) 80 Cal.App.5th 1067, 1096; see *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 ["the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"].)

## DISPOSITION

Aloe's sentence is vacated, and the case is remanded to the trial court for resentencing under the amended version of section 1170, subdivision (b). At the new sentencing hearing, the court in its sound discretion may modify any aspect of Aloe's sentence in order to achieve its sentencing objectives. The judgment is otherwise

6

affirmed.  After resentencing, the court shall prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


GOETHALS, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.